**BURNS, Estate of In Re; SPENCER, Admr., Appellant, v SPENCE, et., Appellees.**

Ohio Appeals, Second District, Darke County.

No. 657. Decided March 31, 1948.

George W. Porter, Floyd B. Smith, Greenville, for appellant.
S. E. Mote, Wilbur D. Spidel, H. Edward Williams, Greenville, for appellees.

## OPINION

By HORNBECK, J.:

Orlie Spencer, appellant, is the administrator of the estate of Ella Burns, deceased, who died on the 17th of December, 1943. The administrator is the son of decedent. Within the statutory period Jessie Spencer, wife of the administrator and former guardian of Ella Burns, filed her claim with the administrator in the sum of $800.00 "for nursing, washing and caring for the said Ella Burns for a period of sixteen (16) months at the rate of $50.00 per month from the 14th day of August, 1942, until the date of her death, December 17, 1943." The administrator allowed and paid the claim and in his final account claimed credit for said payment. Appellees, daughters of decedent, excepted to this item in the account. The trial judge sustained the exceptions and from this order the appeal is prosecuted on questions of law.

Three errors are assigned but they all may be encompassed in one, viz:—that the order was contrary to law and not supported by the evidence.

The services upon which the claim of Jessie Spencer was predicated were all performed during a period of time when she was acting as guardian of her mother-in-law, Ella Burns, with the exception of a very short period prior to her appointment. Subsequent to the death of her ward, the guardian filed her account, showing a small amount of money only on hand which was turned over to the administrator. No application was made by the guardian for an allowance for the services which were the subject of the claim presented and paid by the administrator.

The trial judge held, first, that §10507-16 GC had application and that as there had been no order for the payment of the claim of Jessie Spencer made and approved by the court in the guardianship proceedings, it could not be maintained against the administrator, and further, that if that part of the services represented by nursing was not included in the statute it could not be separated from the other items, namely, washing and care, and the amount to be allowed therefore could not be determined.

We have been favored with the written opinion of Judge Thomas, the Probate Judge, and are in accord with his conclusions.

It is urged by the appellant that §10507-16 GC does not control for the reason that nursing is not included in that service which may not be paid for unless and until ordered and approved by the Probate Court.

The §10507-16 GC provides,

"When a guardian is appointed to have the custody, maintenance and (if the ward be a minor) to have charge of the education of a ward, his duties are:

(1)　*　*　*

(2)　To provide suitable maintenance for his ward, when necessary, which must be paid out of the estate of such ward, in the hands of the guardian thereof, upon the order of the guardian of the person of such estate.

(3)　*　*　*

(4)　To obey all the orders and judgments of the court touching the guardianship. Provided, however, that no part of the ward's estate shall be used for the support, maintenance or education of a ward unless ordered and approved by the court."

It will be noted that by the appointment of the guardian for an incompetent he is to have the custody and maintenance of the ward and one of the guardian's express duties is to provide suitable maintenance for the ward as set out in the statute. If maintenance does not include nursing and medical expenses, then there is no provision whatever authorizing the guardian to provide such services for the ward. Manifestly, no such limitation is intended in the language of the section. Maintenance, in our judgment, includes all necessary and requisite service conducive to the physical, moral or mental well-being of the ward. Nursing is included within the definition of "maintenance", Webster, namely, "supply of necessaries and conveniences". In Eastland v Williams Estate (Tex.) 45 S. W. 415, the Judge writing the opinion said,

"We think that necessary medicines and the services of a physician in sickness should be claimed under the head of 'maintenance'."

Citing "Webster's International Dictionary, Black Law Dictionary, and And. Law Dictionary."

It is urged by appellant that if this statute, §10507-16 GC be given strict application a guardian would not be protected in providing a physician for his ward in an emergency. This is too limited a construction. The Code does not require that the order of the court for payment to be made prior to the rendition of the services. It may be made subsequent thereto. It is beyond the realm of probability that any court would

refuse to approve the payment by the guardian to a physician for necessary professional services or for any necessary nursing provided for the ward if the estate would support such payment.

If it could be held that maintenance would not include nursing but it would include care, then the trial judge was right in holding that he would have no means of determining what proportion of the charge of Jessie Spencer was represented by nursing unless it clearly appeared that the care and washing was only incidental to and a part of the nursing.

**Scattergood v Ingram, 86 Oh St 76,** cited, and particularly the first proposition of the syllabus, to the effect that where,

"The doctrine that where two persons sustain to each other a family relation one cannot recover against the personal representatives of the other on account of services rendered in that relation except on proof of a contract to make compensation therefor, does not apply to a claim by a guardian for services rendered to an imbecile ward."

The facts in this case arose upon the presentation by the guardian to the Probate Court, after the death of her ward, for the allowance of a claim for services and board rendered by the individual, who was the guardian, to the ward during the guardianship. It was urged that, inasmuch as there was no express contract by the guardian with her mother, the ward, to pay for such care and services, the action could not be maintained. The court said at page 79.

"But very obviously the doctrine invoked can apply only to a claim against one who is sui juris, for it would be absurd to require a contract with one incapable of making it."

The next statement of the opinion, which being a per curiam, is binding upon all members of the court, is also interesting and significant here,

"It would be equally absurd to require a presentation of the claim to the administrators of the ward, since, being her personal representatives, they are concerned only with claims against her."

The claim here was against the guardian.
The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.