ZUBER, GUARDIAN, APPELLEE, *v.* ZUBER, APPELLANT.

(No. 22605—Decided December 23, 1952.)

*Mr. C. C. Fowerbaugh,* for appellee.
*Messrs. Garfield, Baldwin, Jamison, Hope & Ulrich,* for appellant.

SKEEL, P. J.   This appeal comes to this court on questions of law from a judgment entered for plaintiff, appellee, on her petition filed in the Probate Court as guardian of her husband, an adjudged incompetent, seeking to change certain provisions in four insurance policies of her ward and husband, said provisions having to do with the payment of the proceeds of the policies to the beneficiaries named therein in the event of the insured's death.

The contracts of insurance were between Louis Zuber, who had been adjudged incompetent prior to the filing of the petition, and The Northwestern Mutual Life Insurance Company.  Three of the policies were issued on September 9, 1931, for $5,000, in which the wife of the insured, Ethyle Zuber, was named beneficiary.  When issued, the policies provided that the face value of the insurance was to be paid to the beneficiary upon the death of the insured and provided further that the insured retain the right to change the beneficiary without notice.  The other policy was issued on October 5, 1943, for $7,500, the beneficiary and the terms of payment being the same as the other policies first described.  By indorsement on March 7, 1947, the insured requested and caused changes to be made in the beneficiary provisions of all the policies as follows: Ethyle Zuber, the insured's wife, was made the direct beneficiary and six of the insured's relatives and six of the wife's relatives were made contingent beneficiaries.  As to the $7,500 policy, it was provided that should the direct beneficiary survive the insured, $3,500 of the proceeds of the policy should be paid to her in accordance with "option A," payable quarterly with the privilege of surrender and withdrawal, and that she should receive the balance in 120 or more monthly pay-

ments, but should the direct beneficiary predecease the insured the contingent beneficiaries were to be settled with in one sum. It was also provided that the 120 payments should be made even though the direct beneficiary did not live through the ten-year period and, further, that she was to continue to receive such payments during her full lifetime no matter how long she lived beyond the ten-year period. The other policies were changed so that their proceeds were to be paid in the same manner as was provided for the residue above $3,500 of the $7,500 policy.

Some time (about three years) after the assured changed the beneficiary provisions, he was adjudged incompetent and his wife, appellee herein, was appointed guardian. An attempt was made by a direct order of court in the guardianship proceeding to order the insurance company to change the beneficiary provisions of the policies so that the wife, should she survive the insured, would be entitled to payment of the proceeds of all the policies in a lump sum. The order was made, but the insurance company, not being a party to the proceeding, refused to be bound by the order. The petition upon which this proceeding is founded was then filed by the guardian making the insurance company and the contingent beneficiaries parties.

The petition alleges that the assets of the guardianship have been exhausted save whatever the value of the insurance policies (above described) on the ward's life might be; that henceforth she would have to pay the premiums amounting to $1,266 annually out of her own personal funds if the policies were to be continued; that she had worked with her husband in his profession as chiropractor and mechanotherapist for more than twenty years whereby her efforts had, in part, made possible the purchase of the policies; and that it would be unfair to her estate to make the pay-

ments required by the policies unless the beneficiary provisions were changed so that she would be entitled to an immediate settlement of the face value of the policies should she survive her husband. The petition then prays the court to order the insurance company to change the beneficiary provisions so that in the event she survives her husband, she will be entitled to a lump sum settlement as to each of the policies.

A demurrer was filed by the insurance company, challenging the right of the guardian to maintain an action against her ward for her own personal benefit. The demurrer was overruled and the insurance company then filed an answer, admitting the issuance of the policies and entering a general denial as to all other allegations.

The contingent beneficiaries filed their individual consents to the change of the beneficiary provisions as prayed for and requested that such change be made. Upon trial, the court found for the petitioner and by its judgment ordered that the insurance company change the beneficiary provisions of all the insurance policies as prayed for.

The insurance company claims the following errors:

1. The court erred in overruling the insurance company's demurrer.

2. The judgment is contrary to law.

3. The judgment is against the manifest weight of the evidence.

4. The judgment is unconstitutional.

After the case was appealed to this court, the ward died and a request was made to substitute the administrator as party plaintiff. Such request was refused as the court must take the case upon the record as it stood when the jurisdiction of this court was invoked. The death of the ward (insured) subsequent to the judgment below in no way changed the question here presented.

The first ground of error is well taken for three reasons. 1. A guardian has no right or power to maintain an action against her ward for relief which is solely for her own personal benefit on a matter which is not concerned with the administration of her trust. 2. The petition does not state a cause of action. 3. The court is without jurisdiction to grant the relief prayed for in the petition.

The Probate Court is a court of limited jurisdiction. Its power to appoint a guardian and the powers of the guardian to act under the authority of the court are fixed by statute. (Section 10507-1 to Section 10507-61, inclusive, General Code.) Subdivision 2 of Section 10507-15, General Code, in defining the duties of a guardian provides: ''To manage the estate for the best interest of his ward.'' The court is therefore without power to authorize the guardian of an incompetent to enter into contracts other than those made in the management and conservation of the ward's estate and the protection of his person.

The relief which the plaintiff here seeks by her petition has absolutely nothing to do with the management of her trust as guardian of her husband. No benefit will come to the ward's estate or to his personal comfort in the event the relief prayed for should be granted.

In 1947, the ward, while fully competent to contract and for reasons known to him, changed the beneficiary provisions of his insurance so that his wife as direct beneficiary, upon his death, would (upon the policies here being considered) receive $3,500 in a lump sum and monthly payments of the balance over a ten-year period, payments to be continued for ten years even should her death occur before the end of such period, it being provided also that such monthly payments were to be made to her until her death, even though she lived beyond the ten-year period. These

were, in part, the terms of the ward's agreement with the insurance company. These provisions create no benefit to, nor do they in any way concern the management of the ward's estate. The court is, therefore, without jurisdiction to authorize the guardian or direct the insurance company to change the terms of the contract of insurance as to the payment of the proceeds of the policies coming due at the time of the death of the ward, he now being legally incompetent to agree thereto or make such request for what the beneficiary now believes would be more favorable to her.

Some claim is made by the plaintiff that because she will have to pay the premiums out of her personal estate, the funds of the ward now being exhausted, she thereby acquires a vested right in the policies. This claim is without merit. A beneficiary of an insurance policy has no vested right in such policy until the death of the insured where the insured has the right to change beneficiaries without notice. *Katz v. Ohio National Bank, Exr.*, 127 Ohio St., 531, 191 N. E., 782; *Atkinson v. Metropolitan Life Ins. Co.*, 114 Ohio St., 109, 150 N. E., 748. In making the premium payments she is a volunteer. Under the circumstances, what she does about keeping the policies alive must result from her studied judgment as to what would be best for her personal interest, as beneficiary. Nor does the fact that all the beneficiaries, both direct and contingent, consented to the proposed change in the ward's insurance contract with the insurance company vest power in the court, or its guardian, to make a new contract with the insurance company which in no way was necessary or beneficial in the management of the ward's estate.

We must therefore conclude that for the foregoing reasons, not only the first claim of error is well taken, but we must also sustain the other claims of error, the judgment being contrary to law and not in accord with

due process. Final judgment is therefore entered for the appellant.

*Judgment accordingly.*

HURD and KOVACHY, JJ., concur.