MAYLIN ET AL., APPELLANTS, *v.*
CLEVELAND PSYCHIATRIC INSTITUTE,
THE STATE OF OHIO, APPELLEE.

(No. 87AP-953—Decided
August 18, 1988.)

*Jerome M. Ellerin Co., L.P.A.,* and
*Jerome M. Ellerin,* for appellants.

Anthony J. Celebrezze, Jr., attorney general, and *Timothy J. Bojanowski,* for appellee.

BOWMAN, J. On July 19,1976, appellant, Mary Lou Maylin, was declared incompetent and her father, Joseph Wolf, was named the guardian of her person. On April 25, 1983, appellant was admitted to appellee hospital, the Cleveland Psychiatric Institute. During breakfast on May 22, 1983, appellant jumped out of a second floor dining room window and sustained injuries. Within the week, appellant's brother, Edward Wolf, saw appellant, learned the details of the accident and told his father, appellant's guardian, about it.

On May 15, 1984, appellant's guardian filed an action against appellee in the Cuyahoga County Court of Common Pleas. However, on August 14, 1984, the case was dismissed for lack of jurisdiction, and that decision was not appealed. Thereafter, on November 5, 1985, appellant's guardian filed the instant action on behalf of appellant, an incompetent, in the Court of Claims, alleging negligence on the part of appellee for not providing adequate supervision to appellant, thus permitting her to jump from the window. In count one of the complaint, the guardian sought damages for injuries sustained by his ward, and in count two, the guardian sought reimbursement for medical expenses he incurred on his ward's behalf.

During the pendency of this cause of action, appellant's guardian died and appellant's brother, Edward Wolf, was substituted as successor guardian. In addition, the executor of Joseph Wolf's estate was substituted for Joseph Wolf's personal claim for reimbursement of medical expenses incurred.

Appellee filed a motion for judgment on the pleadings claiming that the action was barred by R.C. 2305.10. A hearing was held and the motion was overruled. Appellee then filed a motion for summary judgment alleging that the statute of limitations had run so as to bar the guardian from proceeding with his claim on behalf of his ward, and this motion was granted. Appellants now bring this appeal and assert the following assignment of error:

"The trial court committed prejudicial error when it ruled, in its granting of the defendant's motion for summary judgment, that the statute of limitations against [a] mentally incompetent [person] runs against the mentally incompetent [person] where there is an appointed guardian."

At the outset, this court notes that appellants' assignment of error, as presented, does not encompass the actual issues raised in this appeal. In

granting appellee's motion for summary judgment, the trial court held that the statute of limitations is suspended during the time an individual is incompetent, but if a guardian brings a suit on behalf of his ward, he must do so within the statutory time period. While the court did not make any pronouncement with regard to the claim of the guardian's estate for medical expenses paid on behalf of the ward as a result of her injury, the court dismissed both causes of action.

Therefore, the first issue raised in this case is whether a guardian must bring a cause of action on behalf of his ward within the applicable statute of limitations, or whether the guardian benefits from the tolling provision in R.C. 2305.16.

R.C. 2305.16 provides that if a person entitled to bring a cause of action is of unsound mind at the time the cause of action accrues, the statute of limitations for the cause of action begins to run when the disability is removed. In addition, this statute provides that if the interests of two or more parties are joint and inseparable, the disability of one party shall inure to the benefit of all.

In *Seguin* v. *Gallo* (1985), 21 Ohio App. 3d 163, 164, 21 OBR 174, 175, 486 N.E. 2d 1270, 1272, the court held that a guardian is not mentioned as a class to be protected by R.C. 2305.16. See, also, *Powell* v. *Koehler* (1894), 52 Ohio St. 103, 39 N.E. 195. In *Zuber* v. *Zuber* (1952), 93 Ohio App. 195, 50 O.O. 496, 112 N.E. 2d 688, the court, in essence, held that an appointment as a guardian does not carry with it a delegation of authority which will enable the guardian to act as the "alter ego" of the ward. Thus, a guardian may not benefit from the tolling provision of R.C. 2305.16 since he is a separate individual from the incompetent ward and, as a result, he is prevented from having the ward's

disability inure to his benefit. See *Bronson's Lessee* v. *Adams* (1840), 10 Ohio 135.

However, in this case, appellant's guardian could not bring a cause of action on behalf of his ward under any circumstances since he was appointed only guardian of the person for appellant. R.C. 2111.13(A) specifically enumerates the duties of the guardian of the person as follows:

"(1) To protect and control the person of his ward;

"(2) To provide suitable maintenance for his ward when necessary, which shall be paid out of the estate of such ward upon the order of the guardian of the person;

"(3) To provide such maintenance and education for such ward as the amount of his estate justifies when the ward is a minor and has no father or mother, or has a father or mother who fails to maintain or educate him, which shall be paid out of such ward's estate upon the order of the guardian of the person;

"(4) To obey all the orders and judgments of the probate court touching the guardianship."

Thus, none of these duties entitles the guardian of the person to bring a suit on behalf of his ward. R.C. 2111.14 dictates that the person who is responsible for bringing suits on behalf of a ward is the guardian of the estate. R.C. 2111.14(E) provides that one of the duties of the guardian of the estate is "[t]o bring suit for his ward when such suit is for the best interests of such ward."

This court can find nothing in the record to show that appellant's guardian is the guardian of appellant's estate, nor does appellant's guardian allege that he is the guardian of the estate. In addition, there is nothing in the record to show that appellant's guardian was authorized by the probate court, pursuant to R.C.

2111.13(A)(4), to bring the suit on his ward's behalf. Accordingly, this court finds that appellant's guardian could not bring this cause of action on behalf of appellant. In addition, this court acknowledges that appellant may bring this cause of action against appellee herself when she is restored to competency, or her estate may bring the cause of action upon her death. *Bowman* v. *Lemon* (1926), 115 Ohio St. 326, 154 N.E. 317; R.C. 2305.16. Finally, this court declines to decide whether R.C. 2305.16 would apply to a guardian of the estate bringing a cause of action on behalf of his ward, or whether R.C. 2305.16 would apply to a guardian of the person bringing a cause of action on the ward's behalf with the approval of the probate court, since these issues are not before us.

The second issue which appellant presents for our review is whether the guardian's cause of action for expenses incurred on behalf of his ward as a result of her accident is barred by the statute of limitations.

One duty of the guardian of a person is to provide suitable care and maintenance for his ward. R.C. 2111.13(A)(2). In *In re Estate of Burns* (App. 1948), 52 Ohio Law Abs. 134, 79 N.E. 2d 234, the court held that maintenance includes medical expenses. In *Scattergood* v. *Ingram* (1912), 86 Ohio St. 76, 98 N.E. 923, the court held that a guardian who has expended his own money for the support or benefit of his ward is entitled to full credit for his advancements.

A guardian's cause of action to recover expenses incurred on behalf of his ward is separate and distinct from his ward's cause of action, and thus is not tolled by R.C. 2305.16. See *Rembold* v. *Elizabeth Gamble Deaconess Home Assn.* (App. 1980), 17 O.O. 3d 350, 351-352. Therefore, the guardian's cause of action must be brought within the applicable statute of limitations, here, within two years after the cause of action accrued.

In this case, the statute of limitations would begin to run on the date the guardian paid the bills on behalf of appellant. Because the record is void of any evidence of the date of any bills paid by appellant's guardian, there is a question as to which expenses, if any, appellant's guardian would be able to recover. If appellant's guardian paid some of the bills within two years of the date this cause of action was filed, then he would be entitled to recover for these bills. Therefore, the court erred in granting summary judgment on this issue as there is a genuine issue of material fact as to the dates the bills were paid and which bills fall within the applicable statute of limitations.

Accordingly, inasmuch as the court below properly ruled that appellant's guardian could not bring a cause of action in negligence on behalf of this ward, the assignment of error is not well-taken and is overruled, and inasmuch as the court below erred in its determination that appellant's guardian could not bring his own personal cause of action for medical expenses incurred and paid on behalf of his ward, the assignment of error is well-taken and is sustained. The judgment of the court is affirmed in part and reversed in part and this cause is remanded.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

REILLY and YOUNG, JJ., concur.