MERGENTHAL et al., Appellants,

v.

STAR BANC CORPORATION, Appellee.

[Cite as *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–10–107.

Decided July 28, 1997.

*Sheets, Ernst & Diehl* and *Thomas J. Diehl;  Young & Hubbell* and *Fred C. Hubbell,* for appellants.

*Katz, Greenberger & Norton* and *Richard L. Norton,* for appellee, Star Banc Corporation.

---

Powell, Judge.

Plaintiffs-appellants, David and Marie Mergenthal, appeal a decision of the Warren County Court of Common Pleas granting summary judgment to defendant-appellee, Star Banc Corporation.  We affirm.

Appellants borrowed $315,000 from appellee and executed an open-end mortgage on their property on February 4, 1989.  The property is a truck stop in Franklin, Ohio, that consists of a cement block building, a metal deck building, and a metal canopy.  The mortgage states: "Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards."  A separate document signed by appellants on February 4, 1989 states:

"[Appellants] do hereby acknowledge that it is their responsibility to keep the improvements now existing or hereafter erected on the property, insured against loss by fire and hazards * * *.  [Appellee] shall not require that the amount of

coverage exceed that amount of coverage required to pay the sums secured by the mortgage."

Appellants subsequently failed to keep insurance on the secured property. When appellee became aware of appellants' breach of the insurance requirement in May 1989, appellee informed appellants in a letter stating that unless they obtained insurance on the property, appellee would "force place [*sic*] this insurance with a carrier of our choice and the amount of the monthly premiums will be added to the outstanding balance of your loan; or a borrower not carrying adequate insurance coverage on the secured property is in default of the terms of the mortgage; and we may at our option require immediate payment in full of all sums due and payable and foreclosure of our Security Instrument (mortgage) by judicial proceeding."

Appellants did not obtain insurance, and appellee entered into an insurance agreement with Safeco First National Insurance Company of America ("Safeco"). The portfolio security policy declaration with Safeco lists appellee as the insured mortgagee. Appellee added the insurance premium amount of $286.28 to the monthly payment of appellants. Appellee continued to send letters to appellants informing them of their obligation to obtain their own insurance. One letter dated October 16, 1990 states:

"[Appellee] was * * * forced to place insurance coverage on your property to protect their interest. * * * [Appellee] would again like to make you aware of the fact, that the coverage we carry is a basic fire policy and probably does not meet your insurance needs."

On May 27, 1994, a fire occurred on the property, resulting in the total loss of the metal deck building. Safeco sent a representative to view the property and determined the amount of the loss to be $222,168.46. Safeco paid appellee $172,672.55 pursuant to the policy, after deducting depreciation and the amount of the deductible. Appellee placed $12,500 in an escrow account to be used by appellants to clean up the damaged property. The remaining $160,172.55 was applied against the outstanding balance of appellants' mortgage.

Appellants filed a complaint against appellee claiming that appellants had a right to use the money paid by Safeco to make improvements on the property, and that appellee had a duty to involve appellants in the claim settlement. Appellee filed a motion for summary judgment on March 5, 1996. Appellee argued that appellants' complaint was "factually baseless or legally meaningless." The trial court granted appellee's motion for summary judgment on August 19, 1995. The trial court held:

"Under these facts, [appellants] have no standing to contest whether Safeco fulfilled its insurance contract with [appellee]. [Appellants] were not parties to

that contract. Furthermore, neither [appellee] [n]or Safeco had any obligation to [appellants] to insure the property against loss."

Appellants argue that the trial court erred in granting appellee summary judgment because the court incorrectly characterized the issues presented for review and incorrectly concluded that no material issues of fact exist. Appellants argue that the issue that should have been resolved by the trial court is whether appellee breached implied terms of the mortgage. The implied terms that appellants contend to be part of the mortgage are (1) that appellee agreed to reasonably enforce its insurance rights and obtain a fair recovery from the insurance company, and (2) that appellee had a duty to act in good faith towards appellants by obtaining a fair recovery from the insurance company. In essence, appellants' complaint is that appellee should have received more money from Safeco in the insurance settlement.

When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. *Jones v. Shelly Co.* (1995), 106 Ohio App.3d 440, 445, 666 N.E.2d 316, 319–320; *Hulett v. W. Shell Realtors* (June 30, 1997), Clermont App. No. CA96–12–111, at 4, unreported, 1997 WL 366840. When reviewing a grant of summary judgment, a reviewing court must follow the standard set forth in Civ.R. 56(C), which specifically provides that before summary judgment can be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Welco Ind., Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1131–1132.

The primary question we address is whether appellants have standing to challenge appellee's handling of the insurance settlement. Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio. *Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 161, 566 N.E.2d 1220, 1223. "It is well-established that a contract is binding only upon the parties to the contract and those in privity with them and that an action for breach of contract can only be maintained by the parties to the contract or those deriving rights from the contracting parties." *Am. Rock Mechanics, Inc. v. Thermex Energy Corp.* (1992), 80 Ohio App.3d 53, 58, 608 N.E.2d 830, 833.

If a party to a contract has no intent to benefit a third party, the third party becomes an incidental beneficiary with no enforceable rights under the contract. *Laverick v. Children's Hosp. Med. Ctr. of Akron, Inc.* (1988), 43 Ohio

App.3d 201, 204, 540 N.E.2d 305, 309–310. Appellants are not parties to the insurance contract because the beneficiary was appellee, and the insurer was Safeco. The purpose of the insurance contract between appellee and Safeco was to protect appellee's security interest. Appellants cannot claim that they are third-party beneficiaries under the insurance contract because their benefit was only incidental to the policy.

Further, even though a person owns a property insured by another, ownership of the property does not automatically grant the owner an interest in the insurance policy. *Asmaro v. Jefferson Ins. Co. of New York* (1989), 62 Ohio App.3d 110, 114, 574 N.E.2d 1118, 1120–1121. It is well settled that a mortgagee may procure insurance at the mortgagor's expense to protect the mortgagee's security interest. *Wheeler v. Ins. Co.* (1879), 101 U.S. 439, 442, 25 L.Ed. 1055, 1057. It is also well settled that as a general rule, a mortgagor cannot claim the advantage of insurance effected by the mortgagee. *Carpenter v. Providence Washington Ins. Co.* (1842), 16 Pet. 495, 41 U.S. 495, 501, 10 L.Ed. 1044, 1047; *McDonald v. Lawson* (1851), 20 Ohio 185, paragraph one of syllabus.

In the present case, appellants provide no evidence that appellee made a promise to involve appellants in the insurance agreement. Appellants argue that because appellants made the insurance payments, they should have a right to be involved in the insurance settlement. However, a person who pays the insurance premium does not automatically by virtue of payment acquire a vested right in the policy. *Zuber v. Zuber* (1952), 93 Ohio App. 195, 200, 50 O.O. 496, 498–499, 112 N.E.2d 688, 691.

Accordingly, we find that after viewing the evidence in a light most favorable to appellants, reasonable minds can come to but one conclusion, that appellants have not demonstrated standing to contest the terms of the insurance settlement agreement. Appellants' assignment of error is overruled. The judgment is affirmed.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.