OPINION
One Columbus Building Associates Ltd., plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court granted a motion for summary judgment filed by The City of Columbus, Division of Income Tax, defendant-appellee. We reverse and remand.
Appellant was an Ohio limited partnership that owned and operated an office building on West Broad Street in Columbus, Ohio. On November 12, 1993, appellant sold the building for $50,000,000. In its 1993 federal income tax return, appellant claimed that it had incurred costs for the property of $49,287,292. Appellant had previously claimed depreciation for the property of $18,992,191, which, when subtracted from the property costs, yields an adjusted basis for the property of $30,295,101. Subtracting the adjusted basis of the property ($30,295,101) from the sale price of the property ($50,000,000) yields a gain for the property of $19,704,899.
In addition to the $18,992,191 in depreciation, appellant had previously taken an additional $16,823,055 in depreciation through the Accelerated Cost Recovery System ("ACRS"), which allows businesses to claim a higher amount of depreciation on an item than is allowed through the straight-line depreciation method. Internal Revenue Service ("IRS") Form 8825 "Rental Real Estate Income and Expenses of a Partnership or an S Corporation" requires this amount to be included as a "[n]et gain * * * from the disposition of property from rental real estate activities." The federal income tax requirement that previous ACRS deductions be converted to rental real estate income has been defined as "depreciation recapture."
On appellant's IRS Form 8825, appellant stated that it had incurred $10,206,168 in expenses for the property in 1993, while receiving only $6,796,493 in total gross rents, resulting in a loss of $3,409,675. The combination of the $3,409,675 loss with the $16,823,055 depreciation recapture resulted in a "[n]et income * * * from rental real estate activities" for appellant on IRS Form 8825 of $13,413,380. This figure combined with other income of $13,194,944 and subtracting appellant's net long-term capital loss of $207,440 resulted in appellant's declared income on IRS Form 1065 of appellant's 1993 federal income tax return to be $26,400,884.
Appellant was also required to file a tax return with the city of Columbus. In order to determine the "total net taxable income" of a business, the Columbus tax return form ("city return") requires the taxpayer to use the figure the taxpayer entered on the IRS Form 1065. The city return allows additional deductions for "items not taxable" such as capital gains, interest earned or accrued, dividends, income from patents, and "other exempt income." The city return also requires certain items to be included as income even though the federal return allows those items to be deducted from income.
Appellant's 1993 city return included $26,400,884 in income (the amount of declared income from IRS Form 1065 from appellant's 1993 federal income tax return) with $13,194,944 for "items not taxable" and $963,216 in additions, resulting in an adjusted net income of $14,169,156 ($26,400,884 — $13,194,944 + $963,216). As part of the calculations for "items not taxable," appellant claimed $10,291,282 in "other exempt income" with a notation next to the figure stating "C.O.D. Income."
Appellant was required to pay 2.0% of $14,169,156 as a tax, and pay a penalty of $5,070 for a total of $288,453. Appellant noted on its city return: "Filed under protest. Refund request will be filed."
On March 9, 1995, appellee received from appellant an amended city return. The amended city return differed from the original city return in that appellant added $16,823,055 to the "other exempt income" figure of $10,291,282 resulting in $30,017,999 for "items not taxable." Appellant stated that the city return was "amended to reflect depreciation recapture included in Schedule X, line 1, Income Per Federal Return. Depreciation recapture is not subject to the city of Columbus municipal tax." The use of the amended figure to calculate appellant's adjusted net income results in no taxable income for appellant ($26,400,884 — $30,017,999 + $963,216 = 2,653,899). Based upon the calculations in the amended city return, appellant requested a refund of $288,453 from appellee. Appellee denied appellant's request for a refund through a letter dated March 22, 1995.
On March 3, 1997, appellant filed a complaint against appellee seeking a refund of $288,453 from appellee. On May 15, 1998, both parties filed motions for summary judgment. The trial court overruled appellant's motion and sustained appellee's motion. Appellant appeals this decision and presents the following four assignments of error:
 I. The Trial Court Incorrectly Granted Summary Judgment To The City Of Columbus Because Depreciation Recapture Is Not Included As "Net Profits" Under The Columbus Ordinance.
 II. The Trial Court Improperly Ignored The Plain Definition of "Net Profits" by Ruling That Depreciation Recapture Constituted "Net Profits" From "Other Activities" Under The Columbus Ordinance.
 III. The Trial Court Improperly Upheld The City's Construction Of The Columbus Ordinance In Violation of R.C. Section 718.01(D).
 IV. The City's Imposition Of Tax On Depreciation Recapture Violates One Columbus's Right To Equal Protection Of The Laws.
Appellant argues in its first assignment of error that the trial court erred in granting summary judgment in favor of appellee because depreciation recapture is not included as "net profits" pursuant to Columbus City Code ("C.C.") Section 361.19. Appellant contends that appellee "[h]aving never enacted legislation including federal depreciation recapture within the definition of `net profits,' [appellee] cannot tax such an item under the authority of a letter from a City Income Tax Auditor." Appellant argues in its second assignment of error that the trial court erred in ruling that appellee's gain from depreciation recapture pursuant to its federal income tax return, was considered "net profits" on the city return. Because of the similarities of appellant's arguments in its first and second assignments of error, we will consider both assignments together.
Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103.
C.C. 361.19 states that in order to:
 * * * provide for the purposes of general municipal operations, maintenance, new equipment, and capital improvements of the City, there is hereby levied a tax at the rate of two (2.0) percent per annum upon the following:
* * *
 (d) On the net profits of all corporations, estates, and trusts, derived from work done or service performed or rendered and business or other activities conducted in the City, whether or not such corporations, estates, and trusts have their principal or any place of business located in the City.
C.C. 361.09 defines "net profits" as "the net gain from the operation of a business * * * after provision for all ordinary and necessary expenses either paid or accrued in accordance with the accounting system used by the taxpayer for federal income tax purposes."
Appellee does not dispute that the definition of profits under the Columbus City Code would not permit taxing recaptured straight-line depreciation. However, appellee argues that recaptured accelerated depreciation should be subject to city income tax. Appellee's argument is based not upon the definition of profits under the Columbus City Code, but rather based upon the United States Congress's election to uniquely treat recaptured accelerated depreciation as ordinary income as opposed to capital gains income.
Appellee's authority to tax is only as broad as the legislation which permits such taxation. Congress elected to treat recaptured accelerated depreciation as ordinary income due to special considerations surrounding accelerated depreciation. However, "a review of the federal tax law over the years shows that the federal treatment of capital gains has waxed and waned in response to political policies." Harsco Corp. v. Tracy (1999),85 Ohio St.3d 382, 385. "The same political and social considerations which are of significance to the Federal tax policy are not necessarily of significance to the state's tax collection scheme." Wallace v. Commr. of Taxation (1971), 289 Minn. 220,225, 184 N.W.2d 588, 591.
The Columbus City Code is silent as to the treatment of accelerated depreciation and therefore such recapture cannot be reclassified as ordinary income subject to taxation without specific city legislation. The Columbus City Code also does not indicate that ordinary income shall be defined by the Federal Tax Code as passed by Congress. Such city legislation could incorporate then existing Federal Tax Codes. Congress's election to treat recaptured accelerated depreciation as ordinary income as opposed to capital gains income was not in existence at the time the Columbus City Tax Code came into existence. Appellee in its brief admits that it cannot merely concur with the federal government's classification of ordinary income unless there is an enactment by Columbus City Council codifying such classification. Appellee presents no evidence that this was ever done.
Therefore, we find that appellee has presented no authority to classify recaptured accelerated depreciation as profit. City council may have the authority to define accelerated recaptured depreciation as ordinary income; however, they have failed to do so. The rules promulgated by the city income tax division state that gains determined to be ordinary income on the federal tax return are subject to city taxation. However, this "rule" was never adopted by city council. No reasonable interpretation of appellee's definition of net profits subject to municipal tax could include recaptured accelerated depreciation.
No city can tax without legislative authority. Such legislative authority does not exist in this case. Absent a specific Columbus ordinance incorporating the existing federal definitions of ordinary income, appellee lacks authority to tax recaptured accelerated depreciation. Appellee admits that there has been no incorporation either directly or indirectly of federal law into the Columbus City Code.
Accordingly, we find that "depreciation recapture" is never defined by appellee as "net profits." Therefore, we find that appellee did not have the authority to tax appellant's "depreciation recapture" as income. Appellant's first assignment of error is sustained.
Accordingly, we reverse the decision of the trial court and remand the present case for further proceedings consistent with this opinion. We do not need to address appellant's second, third, fourth, and fifth assignments of error because appellant's arguments in those assignments are made moot by our ruling on appellant's first assignment of error. App.R. 12(A)(1)(c).
Judgment reversed; cause remanded.
PETREE, J., concurs.
LAZARUS, P.J., dissents.