DECISION
{¶ 1} Heritage Insurance Company ("Heritage"), plaintiff-appellant, appeals a judgment of the Ohio Court of Claims granting a motion for summary judgment filed by the Ohio Department of Transportation ("ODOT"), defendant-appellee.
 {¶ 2} In May 1993, John R. Jurgensen Construction Company ("Jurgensen") entered into a contract with ODOT to carry out improvements at the intersection of State Route 49 and U.S. Route 40 in Montgomery County, Ohio. Heritage was the liability insurer for Jurgensen. Early in the project, an electrical subcontractor made a change in the sequence of the signal light in the construction zone, and no notice of the change was posted to the public. ODOT allegedly approved the change, but Jurgensen claims it was given no such notice. On January 22, 1994, Thora Roweta Moore's automobile collided with a pickup truck at the intersection and Moore was killed. Moore's estate sued Jurgensen, and on February 23, 1998, Moore's estate obtained a jury verdict against Jurgensen in the amount of $487,500. Heritage paid the judgment to Moore's estate, and Jurgensen paid a $50,000 deductible to Heritage pursuant to its insurance contract.
 {¶ 3} On January 13, 1999, Heritage and Jurgensen brought an action in the Ohio Court of Claims against ODOT, alleging that ODOT negligently oversaw the construction and safety at the subject intersection and failed to safely direct the sequence of the traffic signal lights. Jurgensen and Heritage sought indemnification and contribution from ODOT. Several motions were filed, but the court stayed the matter on August 29, 2000, pending a decision of the Ohio Supreme Court in Community Ins. Co. v. Ohio Dept. of Transp. (2001),92 Ohio St.3d 376, finding that the decision in that case may be dispositive of the matters in the present case. The stay was eventually lifted, and the matter was set for trial.
 {¶ 4} On May 15, 2002, ODOT moved for summary judgment, based in part on Community Ins. On June 3, 2002, Heritage and Jurgensen filed a memorandum contra ODOT's motion for summary judgment. On July 10, 2002, the trial court granted ODOT's motion for summary judgment as to the claims brought by Heritage, but denied ODOT's motion for summary judgment concerning contribution and indemnity claims asserted by Jurgensen. On July 11, 2002, the parties stipulated to the dismissal of Jurgensen's claims. Heritage appeals the trial court's judgment, asserting the following assignment of error:
 {¶ 5} "The court of claims below erroneously granted defendant ODOT'S motion for summary judgment."
 {¶ 6} Heritage asserts in its sole assignment of error that the trial court erred in granting ODOT's motion for summary judgment. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in its favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103.
 {¶ 7} In granting summary judgment to ODOT, the court relied upon R.C. 2743.02(D) and Community Ins., supra. R.C. 2743.02(D) provides:
 {¶ 8} "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section apply under those circumstances."
 {¶ 9} In Community Ins., supra, Rachelle Dronebarger was injured in a single car accident, and her insurer, Community Insurance Company ("Community"), paid Dronebarger's medical expenses pursuant to an employee health plan. Community then filed an action in the Court of Claims seeking subrogation against ODOT for the medical expenses it paid. The Ohio Supreme Court held that an insurer that has been granted the right of subrogation by a person on whose behalf the insurer has paid medical expenses incurred as the result of the negligent conduct of the state is subject to R.C. 2743.02(D), which mandates reduction in recoveries against the state by the "aggregate of insurance proceeds, disability award or other collateral recovery received by the claimant."
 {¶ 10} Heritage first contends that Community Ins. can be distinguished from the present case, rendering it inapplicable. Heritage argues that, unlike the insurer in Community Ins., it is not an insurer of the decedent/injured claimant, and is not seeking subrogation for any amounts paid to the decedent/injured claimant pursuant to an insurance policy with the decedent/injured claimant. In other words, Heritage asserts Jurgensen is not the injured "claimant" under R.C. 2743.02(D) who received any type of insurance proceeds or collateral recovery that would reduce such claimant's or such claimant's insurer's right to recovery against ODOT. Rather, Heritage characterizes Jurgensen as a tortfeasor who paid a judgment to an injured claimant. Thus, Heritage contends that Community Ins. does not prohibit an insurer (or the insurer's insured), who is not a "claimant," but rather a joint tortfeasor with ODOT, from bringing a contribution claim against ODOT.
 {¶ 11} We find Heritage's argument well-taken. As indicated above, R.C. 2743.02(D) provides that recoveries against the state shall be reduced by the aggregate of insurance proceeds or other collateral recovery received by the claimant. Both parties agree that Heritage must "stand in the shoes" of Jurgensen in seeking recovery from ODOT for contribution.
 {¶ 12} Heritage first asserts that Jurgensen is not a "claimant," as used in R.C. 2743.02(D). Heritage claims that, in the present case, the "claimant," as used in R.C. 2743.02(D), would be the estate of the decedent Moore, the physically injured individual who received insurance proceeds, just as Dronebarger was the physically injured individual in Community Ins. who received insurance proceeds. In the present case, Jurgensen was not an injured party who received any sort of collateral recovery in the form of insurance proceeds for any injury.
 {¶ 13} The only one who had a possible claim against the state of Ohio was the estate of Thora Roweta Moore, who also had a claim against Jurgensen. Allegedly both Jurgensen and the state of Ohio were negligent in causing the death of Moore. Since allegedly Jurgensen and the state were joint tortfeasors, the estate could bring suit against either, or both, if the estate could find an entity that had jurisdiction over both defendants. The only jurisdiction meeting that criteria is the Court of Claims. The common pleas court, the jurisdiction selected by the estate, had no jurisdiction over the state of Ohio.
 {¶ 14} Had the case been tried in the Court of Claims and had both Jurgensen and the state been found liable, each party would have been individually liable for their own share and a contribution or indemnity action would not have been necessary. In other words, Jurgensen, or its insurer Heritage, would be responsible for only its share and there would be no subrogation. See Nevins v. Ohio Dept. of Trans. (1998),132 Ohio App.3d 6, 22-28. That analysis provides the correct insight information as to who is a claimant within the meaning of R.C. 2743.02(D) and Community Ins. A party seeking contribution from a joint tortfeasor is not a claimant, nor is his subrogated insurer because, in either case, they are seeking only to recover an amount that was owed by the state of Ohio to the real claimant, the estate.
 {¶ 15} The purpose of the statute is to prevent injured parties from getting a windfall by recovering from both an insurer and the state for the same injury. As applied to the current case, R.C. 2743.02(D) would prevent Moore's estate from getting any double recovery from the state after already receiving collateral recovery from Heritage in the form of insurance proceeds. In contrast, Jurgensen's status in the current case is that of a joint tortfeasor seeking contribution from another joint tortfeasor, the state. R.C. 2743.02(D) was not enacted to shield the state from liability as a joint tortfeasor. Indeed, in Nevins, we found that contribution claims by a joint tortfeasor against ODOT are valid. Thus, we conclude that Jurgensen was not a "claimant" who received "insurance proceeds," as contemplated by R.C. 2743.02(D).
 {¶ 16} Having more clearly delineated the status of Jurgensen and Heritage, the inapplicability of R.C. 2743.02(D) is apparent. Heritage "stands in the shoes" of Jurgensen in any claim against ODOT. Jurgensen, as a joint tortfeasor, seeks contribution from the state for damages sustained by an injured third-party and paid by Jurgensen. R.C. 2743.02(D) mandates no reduction in recoveries against the state under these particular circumstances. Therefore, Heritage is not subject to the limitations imposed by R.C. 2743.02(D), and the Court of Claims erred in granting summary judgment in favor of ODOT. Heritage's sole assignment of error is sustained.
 {¶ 17} Accordingly, Heritage's single assignment of error is sustained, the judgment of the Ohio Court of Claims is reversed, and this case is remanded to that court for a determination of whether the state was negligent and, if so, whether Jurgensen is entitled to contribution for the benefit of Heritage.
Judgment reversed and case remanded.
PETREE, P.J., and McCORMAC, J., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.