OPINION
{¶ 1} Plaintiffs-appellants, Ira Rhodes and Donna Ramella, appeal from a judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Val-U-Tires, LLC ("Val-U-Tires"), summary judgment. For the following reasons, we affirm.
 {¶ 2} On August 20, 2002, Rhodes was driving west on I-70 when the tread on his right, rear tire separated, causing him to lose control of his truck. The truck careened *Page 2 
onto the median, where it overturned. Rhodes sustained injuries as a result of the rollover.
 {¶ 3} Bridgestone/Firestone North American Tire, LLC ("Firestone") manufactured the tire that lost its tread in early 1996. Apparently, the tire was mounted on a vehicle and used for an unknown period of time. On July 26, 2001, Rhodes purchased the tire from Val-U-Tires as part of a five-tire set. Val-U-Tires mounted the tire on Rhodes' truck.
 {¶ 4} On March 13, 2006, Rhodes and his wife, Ramella, filed suit against Val-U-Tires and Firestone, alleging claims for negligence, strict liability, breach of express and implied warranties, and loss of consortium.[1] Following discovery, Val-U-Tires and Firestone filed a joint motion for summary judgment. Defendants argued that plaintiffs could not produce any evidence to establish that, at the point the tire left either defendants' control, the tire contained a defect that caused the tread separation. Thus, defendants contended, plaintiffs could not prove that defendants' conduct was the proximate cause of plaintiffs' injuries.
 {¶ 5} In response, plaintiffs directed the trial court to the expert testimony of Dennis E. Whalen, a senior product engineer in the Product Analysis Department of Bridgestone Americas Holding, Inc. Whalen had analyzed the tire after the rollover, and during his deposition, he testified that he found three conditions that could have caused the tread separation. First, two small chunks of the tire rubber were ripped out of each side of the bead area of the tire. Whalen testified that this damage had occurred during mounting (i.e., putting the tire on the rim) or demounting (i.e., taking the tire off the rim) *Page 3 
prior to the rollover. The missing chunks exposed the body fabric of the tire, and Whalen explained that air from the tire cavity could escape into the fabric, invade the tread area, and cause separation between the fabric and the tread. Second, Whalen found evidence that the tire had been underinflated for an extended period of time. Underinflated tires distribute the load they carry to the outside edges of the tire, causing heat to rise in that area. Whalen testified that too much heat causes the bonds between the tire components to deteriorate, which can result in tread separation. Third, Whalen opined that an impact with a road hazard caused a break in the outer tread belt of the tire. That impact, which Whalen believed occurred sometime before the rollover, could have created an air leak, which in turn, could have led to the tread separation.
 {¶ 6} In their memorandum contra, defendants highlighted the first possible reason Whalen gave for the tread separation and claimed Whalen's testimony about the "chunking" constituted sufficient evidence to defeat a summary judgment motion. The trial court disagreed. On March 18, 2008, the trial court issued a judgment in which it held that in order to prove their claims via expert testimony, plaintiffs had to present evidence that it was more likely than not that a defect existed in the tire when it left defendants' custody and that the defect proximately caused the tread separation. Because Whalen only identifiedpossible causes for the tread separation, his testimony did not provide the evidence necessary to prove proximate cause. Therefore, the trial court granted defendants' summary judgment.
 {¶ 7} Plaintiffs now appeal the trial court's March 18, 2008 judgment to this court and assign the following error: *Page 4 
 I. THE TRIAL COURT ERRED IN SUSTAINING VAL-U-TIRES' MOTION FOR SUMMARY JUDGMENT ON THE PLAINTIFF-APPELLANTS' NEGLIGENCE CLAIM.
 {¶ 8} Appellate review of summary judgment motions is de novo.Andersen v. Highland House Co., 93 Ohio St.3d 547, 548, 2001-Ohio-1607. "`When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" Abrams v. Worthington,169 Ohio App.3d 94, 2006-Ohio-5516, at ¶ 11, quoting Mergenthal v. Star Banc Corp.
(1997), 122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.Gilbert v. Summit Cty., 104 Ohio St.3d 660, 2004-Ohio-7108, at ¶ 6.
 {¶ 9} By their only assignment of error, plaintiffs argue that they presented sufficient evidence to create a question of fact as to whether Val-U-Tires acted negligently.[2] We disagree.
 {¶ 10} In order to prove an actionable claim for negligence, a plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach. Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 142. A breach of duty proximately causes an injury if that injury is "`the natural and probable consequence of the negligence alleged.'" Id. at 143. *Page 5 
 {¶ 11} An expert witness testifying regarding causation must state his opinion in terms of probability. Stinson v. England (1994),69 Ohio St.3d 451, paragraph one of the syllabus. "An event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue." Id. Opinions expressed with a lesser degree of certainty are inadmissible. Id. Thus, in a civil case, expert testimony that a defendant's action or inaction "possibly" or "could have" caused a plaintiff's injury is not competent to prove proximate cause.Shumaker v. Oliver B. Cannon Sons, Inc. (1986), 28 Ohio St.3d 367,369, fn. 3. See, also, Martinez v. Yoho's Fast Food Equip., Franklin App. No. 02AP-79, 2002-Ohio-6756, at ¶ 53 (holding that an expert's testimony was incompetent and inadmissible because the expert only testified to a "possible" cause of the accident); Dillion v. Univ.Optical (May 3, 2001), Franklin App. No. 00AP-1055 (holding that expert testimony offered to prove proximate cause "must establish a probability and not mere possibility of the causal connection"). Although an expert need not recite any "magic words," the expert's testimony, when viewed in its entirety, must equate to an expression of probability. State FarmMut. Auto. Ins. Co. v. Travelers Prop. Cas., Muskingum App. No. CT2001-0065, 2002-Ohio-3687, at ¶ 69.
 {¶ 12} In the case at bar, plaintiffs rely upon Whalen's testimony to prove that Val-U-Tires breached its duty to them and that the breach was the proximate cause of their injuries. First, plaintiffs assert that Whalen testified that Val-U-Tires sold them a tire that was missing chunks from the bead area, and that selling a tire in a such a condition was unsafe. Although Whalen testified that a tire missing chunks was in "bad condition" and "unsafe," he did not state that Val-U-Tires sold such a tire to plaintiffs. Rather, Whalen opined that an improper demounting gouged chunks out of the tire at some point before *Page 6 
the last time the tire was mounted on the truck. In other words, the damage existed when the last person to mount the tire on the truck did so. However, plaintiffs presented no evidence establishing that Val-U-Tires was the last entity to mount the tire on the truck. Without that evidence, we cannot construe Whalen's testimony to mean that Val-U-Tires sold Rhodes a tire missing chunks from the bead area. Therefore, plaintiffs failed to prove that Val-U-Tires breached its duty to them.
 {¶ 13} Second, plaintiffs assert that they established evidence of proximate cause through Whalen's testimony that the missing chunks were a "significant" factor in the tire failure. During Whalen's deposition, plaintiffs' attorney twice asked Whalen whether the missing chunks were the probable cause of the tread separation. First, the attorney asked, "[t]o a reasonable degree of engineering probability, are you able to conclude that those chunking episodes led to the detreading in this case?" (Tr. at 41.) Whalen answered:
 I'm not going to make that stretch particularly, but it is a known cause of tread separations. In this case, there are — in this tire, there are other things going on that could lead to a tread separation. This is one cause, one possible cause. * * *
Id. Next, the attorney asked, "[t]o a reasonable degree of engineering probability, would you say that, but for the chunking, the tire would not have failed in this catastrophic manner at the time that it did?" (Tr. at 73.) Again, Whalen demurred, stating:
 I can't say that because I don't know when the chunking occurred. I don't know the — what do we have here — six-year history of this tire, what vehicle it was on, who drove it, how it was maintained, what kind of inflation pressure maintenance was done on the tire. I don't know the history of the tire. I don't know when this evidence of [chronic] underinflation * * * was created relative to the time that the bead chunking was created. *Page 7 
Id.
 {¶ 14} Evaluating Whalen's testimony in its entirety, we conclude that Whalen identified three conditions that "could be" the cause of the tread separation, and the missing chunks was one of these "possible" causes. Although Whalen characterized the missing chunks as a "significant" factor in his analysis, he explicitly refused to state that they were the probable cause of the tread separation. Because Whalen did not express his opinion in terms of probability, his testimony is inadmissible to prove that the missing chunks proximately caused the tread separation. Therefore, plaintiffs failed to prove that Val-U-Tires proximately caused their injury.
 {¶ 15} Plaintiffs' only argument to the contrary misses the point. Plaintiffs argue that they only had to prove a proximate cause, notthe proximate cause. Plaintiffs, however, failed to adduce evidence establishing the existence of any proximate cause. Because Whalen testified as to possible, not probable causes, his testimony is inadmissible to prove that any of the three identified conditions constituted a proximate cause of the tread separation.
 {¶ 16} For the foregoing reasons, we overrule plaintiffs' only assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and SADLER, JJ., concur.
[1] Plaintiffs later voluntarily dismissed their strict liability claim.
[2] Plaintiffs originally filed this appeal as to both Val-U-Tires and Firestone. However, pursuant to the parties' joint request, this court dismissed the appeal as to Firestone. Accordingly, we will only address whether the trial court erred in granting summary judgment to Val-U-Tires. *Page 1