OPINION
{¶ 1} Plaintiff-appellant, Dennis Hout, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Jess Howard Electric Company ("JHE"). For the following reasons, we affirm.
 {¶ 2} From 1987 until 2001, JHE employed Hout as a purchasing agent. Although Jonathan Howard, President of JHE, terminated Hout's employment because of Hout's poor job performance, he rehired Hout in December 2002. Before re-employing Hout, Howard required Hout to agree to certain conditions, including the requirement that *Page 2 
he refrain from drinking during his lunch hour. Furthermore, Howard warned Hout that if anyone suspected Hout of drinking or smelled alcohol on his breath, Howard would immediately terminate Hout's employment.
 {¶ 3} On Friday, December 16, 2005, two JHE employees detected the smell of alcohol on Hout. David West, Safety Director for JHE, requested that Hout accompany him to Mount Carmel Occupational Health for a breath alcohol test ("BAT") and urine test. Hout agreed. After Hout completed the BAT, the technician who conducted the test told Hout that he had passed. The technician also gave West documentation showing that Hout had passed the BAT.
 {¶ 4} On Monday, December 19, 2005, Howard received a telephone call from Richard Perkins, the Clinical Manager of Mount Carmel Occupational Health. Perkins informed Howard that the technician who had conducted Hout's BAT had misread the result and incorrectly reported that Hout had passed the test. In fact, the test rendered a positive result, measuring Hout's alcohol level at .104. Based upon the BAT results, as well as Hout's poor attendance, failure to work Saturdays, and disorganized work, Howard terminated Hout's employment.
 {¶ 5} On June 21, 2006, Hout filed suit against JHE, asserting claims for wrongful termination in violation of public policy, employment discrimination based upon a hostile work environment, intentional and negligent infliction of emotional distress, assault, and defamation.[1]
After conducting discovery, JHE moved for summary judgment. In its *Page 3 
September 13, 2007 decision, the trial court granted JHE summary judgment as to all claims except for the assault claim.
 {¶ 6} On October 22, 2007, the trial court issued a judgment entry that dismissed Hout's assault claim pursuant to the parties' agreement. In the same judgment entry, the trial court reiterated its grant of summary judgment to JHE on Hout's other claims.
 {¶ 7} Hout now appeals from the October 22, 2007 judgment entry, and he assigns the following error:
 THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN FINDING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER APPELLANT WAS WRONGFULLY DISCHARGED BY APPELLEE JESS HOWARD ELECTRIC CO.
 {¶ 8} Appellate review of summary judgment motions is de novo.Andersen v. Highland House Co., 93 Ohio St.3d 547, 548, 2001-Ohio-1607. "`When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" Abrams v. Worthington, 169 Ohio App.3d 94,2006-Ohio-5516, at ¶ 11, quoting Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Gilbert v. SummitCty., 104 Ohio St.3d 660, 2004-Ohio-7108, at ¶ 6.
 {¶ 9} By his sole assignment of error, Hout argues that the trial court erred in concluding that he could not prove a claim for wrongful termination in violation of public *Page 4 
policy. Hout contends that he established that JHE violated a clear public policy when it terminated his employment based upon BAT results that JHE did not verify through confirmatory testing. We disagree.
 {¶ 10} Traditionally, an employer could terminate the employment of any at-will employee for any cause, at any time whatsoever, even if the termination was done in gross or reckless disregard of the employee's rights. Collins v. Rizkana (1995), 73 Ohio St.3d 65, 67. However, inGreeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, paragraph one of the syllabus, the Supreme Court of Ohio recognized an exception to the employer's plenary right to discharge an at-will employee. Departing from the traditional at-will employment rule, the Supreme Court held that "the right of employers to terminate employment at will for `any cause' no longer includes the discharge of an employee where the discharge * * * contravenes public policy." Id. at paragraph two of the syllabus. If an employer discharges an employee in violation of public policy, the employee can seek recovery against the employer through an action in tort. Id. at paragraph three of the syllabus.
 {¶ 11} To assert a viable claim for wrongful discharge in violation of public policy, a plaintiff must establish each of the following four elements:
 1. That a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element). *Page 5 
 4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).
Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 151, quoting H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin. L.Rev. 397, 398-399 (emphasis sic). Of these four elements, the first two (the clarity and jeopardy elements) are questions of law to be decided by the court. Id. The last two (the causation and overriding justification elements) are question of fact to be decided by a jury. Id.
 {¶ 12} When determining whether a clear public policy exists, a court must consider both state and federal law, including the Ohio and federal Constitutions, statutes, administrative regulations, and common law. Id. at 152. Although a plaintiff may rely upon a myriad of sources in identifying a clear public policy, "an exception to the traditional doctrine of employment-at-will should be recognized only where the public policy alleged to have been violated is of equally serious import as the violation of a statute." Painter v. Graley (1994), 70 Ohio St.3d 377, 383, quoting Greeley, at 235.
 {¶ 13} In the case at bar, Hout relies upon Ohio Adm. Code 123-17-58(E)(4)(d) as the basis for establishing the clarity element of his claim for wrongful termination in violation of public policy. Ohio Adm. Code 4123-17-58, entitled "Drug-free workplace (DFWP) discount program," permits certain employers to qualify for a discount on workers' compensation premium rates if the employer implements a compliant drug-free workplace program. The provision sets forth elements that the employer must include in its drug-free workplace program, including specifications regarding when and how *Page 6 
employees must undergo drug and/or alcohol testing. In relevant part, Ohio Adm. Code
4123-17-58(E)(4)(d) provides:
 For the purposes of the DFWP program, the forms of testing to be utilized will be urinalysis (EMIT screen, also referred to as a drug screen, plus GC/MS confirmation) for a panel of five drugs, and breath or saliva with a confirmatory evidential breath test (EBT) for alcohol. * * *
Hout contends that, by requiring confirmatory testing, this sentence manifests a clear public policy in favor of ensuring integrity in the testing of employees for drugs and alcohol.
 {¶ 14} Reviewing Ohio Adm. Code 4123-17-58 in its entirety, we conclude that its primary purpose is to promote safety in the workplace by identifying those employees who are likely to cause work-related accidents because drugs and/or alcohol impairs their ability to function. The Ohio Bureau of Workers' Compensation pursues this policy to reduce the number of claims asserted by employees injured because of their co-workers' impairment. In requiring a breath or saliva test with a confirmatory EBT test, Ohio Adm. Code 4123-17-58(E)(4)(d) merely specifies the mechanism employers must use to accomplish the overarching purpose of the drug-free workplace program. The prescribed method of testing, in and of itself, manifests no clear public policy.
 {¶ 15} Hout, however, argues that Ohio Adm. Code 4123-17-58
specifically states that confirmatory testing is necessary to ensure the integrity of testing. In so arguing, Hout conflates two different sentences contained in Ohio Adm. Code 4123-17-58(E)(4)(d). As we stated above, the sentence setting forth the required method of testing, which Hout relies upon to assert a clear public policy, does not include any statement of purpose. The sentence that identifies "ensuring] the integrity of testing" as an underlying purpose *Page 7 
does not refer to confirmatory testing. Rather, it requires employers to adopt certain procedures and chain-of-custody guidelines of the federal government.
 {¶ 16} Because Hout failed to identify a clear public policy, the trial court properly granted summary judgment to JHE on his claim for wrongful termination in violation of public policy. Accordingly, we overrule Hout's sole assignment of error.
 {¶ 17} For the foregoing reasons, we overrule Hout's assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH, P.J., and PETREE, J., concur.
[1] Hout also sued William Walt, Vice President of JHE, Mount Carmel Occupational Health, and Perkins. The trial court granted summary judgment in favor of Mount Carmel Occupational Health and Perkins, and Hout does not appeal from that ruling. Although Hout's assault claim against Walt survived Walt's summary judgment motion, the trial court later dismissed that claim and Hout does not challenge the dismissal on appeal. *Page 1