OPINION
{¶ 1} Eugene Keeton, Jr., plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment filed by Motorists Mutual Insurance Company ("Motorists"), defendant-appellee.
 {¶ 2} On March 2, 1995, appellant was a passenger in a motor vehicle being operated by William Mason in Ross County, Ohio. Mason failed to stop at a stop sign, and his vehicle collided with another vehicle. As a result, appellant was ejected from the vehicle and sustained serious injuries. Appellant's medical expenses exceeded $1,000,000. Mason's insurance policy had liability limits of $50,000 per person. Mason admitted liability, and his insurer settled with all the parties. Appellant received $50,000 as a settlement from Mason's insurer.
 {¶ 3} At the time of the collision, appellant resided with his father, Eugene Keeton, Sr., who was employed by Rocal, Inc. ("Rocal"). Rocal was the named insured under several commercial insurance policies issued by Motorists, including: (1) a business automobile policy; (2) a commercial umbrella policy; and (3) a commercial general liability policy. The business automobile policy contained an Ohio Uninsured Motorists Coverage Endorsement providing for limits of $1,000,000 per person and per occurrence. The commercial umbrella policy provided limits of $3,000,000. The commercial general liability policy provided limits of $1,000,000 per person and $2,000,000 per occurrence.
 {¶ 4} Motorists first learned of appellant's intent to make an underinsured motorists ("UIM") claim under the above insurance contracts on March 1, 2000, after appellant's attorney sent a letter dated February 28, 2000 to Rocal, which faxed the letter of representation to its insurance agent, who then faxed the notice to Motorists. On November 21, 2000, appellant filed an action against Motorists seeking declaratory relief regarding UIM coverage pursuant to the policies issued to Rocal. On July 12, 2001, appellant filed a motion for summary judgment and on August 27, 2001, Motorists filed a cross-motion for summary judgment. On September 28, 2001, the trial court denied appellant's motion for summary judgment and granted Motorists' motion for summary judgment. Appellant appeals the trial court's judgment, asserting the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of plaintiff-appellant in overruling plaintiff-appellant's motion for summary judgment and in sustaining defendant-appellee's motion for summary judgment on the grounds of failure of prompt notice to the insurer and/or that plaintiff-appellant's prior settlement with the tortfeasor destroyed the purported subrogation rights of defendant-appellee, thereby discharging defendant-appellant [sic] from any obligation to provide underinsured motorist coverage, based upon the reasoning of this court in Beverly Howard et al. vs. State Auto Mutual Insurance Company, et al. (Unreported), Case No. 99AP-577, Tenth District Court of Appeals, Decided March 14, 2000."
 {¶ 6} Appellant argues in his assignment of error the trial court erred in granting summary judgment to Motorists. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103.
 {¶ 7} The trial court found appellant's failure to give notice to Motorist of his UIM claim pursuant to the conditions contained in all three Motorists' policies resulted in prejudice to Motorists, and, thus, it was not required to provide UIM coverage to appellant.
 {¶ 8} The business automobile policy provided the following notice requirement under Section IV:
 {¶ 9} "A. LOSS CONDITIONS
 {¶ 10} "* * *
 {¶ 11} "2. Duties In The Event Of Accident, Claim, Suit Or Loss
 {¶ 12} "a. In the event of `accident,' claim, `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss.' "
 {¶ 13} The commercial umbrella policy provided the following notice requirement under Section V:
 {¶ 14} "SECTION V — COMMERCIAL UMBRELLA CONDITIONS
 {¶ 15} "* * *
 {¶ 16} "B. Duties In The Event Of Occurrence, Claim Or Suit.
 {¶ 17} "1. You must:
 {¶ 18} "(a) Promptly notify us or our agent of any `occurrence.'"
 {¶ 19} The commercial general liability policy provided the following notice requirement under Section IV:
 {¶ 20} "SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS
 {¶ 21} "* * *
 {¶ 22} "2. Duties In The Event of Occurrence, Offense, Claim or Suit.
 {¶ 23} "a. You must see to it that we are notified as soon as practicable of an `occurrence' or an offense which may result in a claim. * * *"
 {¶ 24} Initially, we note that although Motorists raised numerous arguments at the trial court level as to why appellant is not entitled to UIM coverage under the policies, the trial court barred appellant's recovery based exclusively on his failure to comply with the notice of claim provisions under the three policies. Thus, for purposes of this appeal, we will not address any of appellant's additional arguments and will focus on only the issues regarding the notice of claim provisions, as determined by the trial court.
 {¶ 25} The first issue we must address is whether the notice of claim provisions found in the general conditions sections of the three policies also applied to UIM coverage. It is clear that notice provisions are applicable to UIM coverage if the coverage is expressly provided for in a liability policy. See Ruby v. Midwestern Indemn. Co. (1988),40 Ohio St.3d 159. Thus, the general notice provisions in the business automobile policy applied to UIM coverage in the present case. However, the law is not so settled with regard to whether notice provisions are applicable to UIM coverage if the coverage arises by operation of law. Therefore, we must next address whether the provisions in the commercial umbrella and commercial general liability policies requiring appellant to provide notice to Motorists of his intent to make a claim likewise applied to UIM coverage that was impressed on the policies by operation of law pursuant to R.C. 3937.18.
 {¶ 26} Recently this court addressed this issue in Heiney v. The Hartford, Franklin App. No. 01AP-1100, 2002-Ohio-3718, discretionary appeal allowed, 97 Ohio St.3d 1481. In Heiney, this court found that the notice provisions contained in the general "conditions" sections of the policy applied to UIM coverage even though such coverage arose by operation of law. We found that these notice provisions created a condition precedent with which the failure to comply precluded UIM coverage. Id. at ¶ 29. We distinguished the cases of Demetry v. Kim (1991), 72 Ohio App.3d 692 and Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, in which the courts concluded that an exclusion, which was intended to apply solely to liability coverage, did not apply to UIM coverage that arose by operation of law.
 {¶ 27} Therefore, applying Heiney to the present case, the conditions precedent in the insurance policies requiring appellant to provide notice to Motorists of his intent to make a claim apply to both UIM coverage that is expressly provided in the business automobile policy and UIM coverage that is impressed upon the commercial umbrella and commercial general liability policies by operation of law pursuant to R.C. 3937.18. See, also, Knox v. Travelers Ins. Co., Franklin App. No. 02AP-28, 2002-Ohio-6958 (following Heiney regarding this issue); Chamberlin v. Williams, Sandusky App. No. S-02-006, 2002-Ohio-6350 (following Heiney regarding this issue).
 {¶ 28} Appellant argues that there is a conflict created by the consent to settle provisions and the notice of settlement provisions that render the notice requirements unenforceable, relying upon this court's decision in Howard v. State Auto Mut. Ins. Co. (Mar. 14, 2000), Franklin App. No. 99AP-577. In Howard, the insureds settled with the tortfeasor but then sought UIM coverage under various policies. This court found that the consent to settle and notice of settlement provisions in the policies were ambiguous, contradictory, and confusing, and, thus, this court construed the language in favor of the insureds and held that consent to settle and notice of settlement was not necessary. However, neither the consent to settle nor notice of settlement provisions are at issue in the current appeal. The only issue in the present appeal is whether the trial court erred with regard to the notice of claim provision, which Howard did not address. Therefore, Howard is inapplicable to this appeal.
 {¶ 29} Because the general notice of claim provisions in the three insurance policies apply to UIM coverage in the present case, it must next be determined whether the prompt notice provisions in the policies were breached and, if so, the effect of the breach. In performing such evaluation, a two-step analysis must be conducted as recently discussed in Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 208,2002-Ohio-7217, a non-Scott-Pontzer case. The first inquiry in late-notice cases is to determine whether a breach of the provision at issue actually occurred. The second inquiry is, if a breach did occur, was there prejudice to the insurer so that UIM coverage must be forfeited? Id. This two-step approach in late-notice cases requires the court to first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice " `within a reasonable time in light of all the surrounding facts and circumstances.' " Id. at 202, quoting Ruby, syllabus. If the insurer received notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. Id. at 208, and paragraph one of the syllabus. If the insurer did not receive reasonable notice, the court must then inquire whether the insurer was prejudiced. Id. An unreasonable delay in providing notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut. Id.
 {¶ 30} The business automobile and commercial umbrella policies in the present case required appellant to give "prompt" notice of a claim or occurrence to Motorists. The commercial general liability policy required appellant to give notice to Motorists of an occurrence that may result in a claim "as soon as practicable." The Ohio Supreme Court has held that a requirement of "prompt" notification in an insurance policy "requires notice within a reasonable time in light of all the surrounding facts and circumstances." Ruby, supra, at syllabus; see, also, Ferrando, at 202, citing Ruby. Although the "as soon as practicable" language is slightly different than "prompt" notice, it means virtually the same thing. See Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (2000),88 Ohio St.3d 292, 303 (finding that language requiring notice "as soon as practicable" requires notice "within a reasonable time under the circumstances of the case"). Notice provisions allow the insurer to become aware of occurrences early enough that it can have a meaningful opportunity to investigate. Id. at 302, citing Ruby, at 161. In addition, notice provides the insurer the ability to determine whether the allegations state a claim that is covered by the policy. Id. at 302-303. Notice also allows the insurer to step in and control the potential litigation, protect its own interests, maintain the proper reserves in its accounts, and pursue possible subrogation claims. Id. Further, notice allows insurers to make timely investigations of occurrences in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims. Id.
 {¶ 31} In the present case, the trial court found "[t]his Court does not need to address whether a delay of almost five (5) years is unreasonable because Defendant has shown actual prejudice as a result of the delay." However, as explained above, the Ohio Supreme Court held in Ferrando that the first step in determining late-notice cases is to determine whether the UIM insurer received notice within a reasonable time in light of all the surrounding facts and circumstances. The court in Ferrando made clear that "the reasonableness inquiry and the prejudice inquiry are separate and distinct." Id. at 210. If the trial court in the present case would have found appellant's notice was reasonably given, there would have been no need to consider whether Motorists was prejudiced. Thus, the trial court erred in passing over the initial inquiry of reasonableness and proceeding directly to the issue of prejudice. Therefore, appellant has raised an issue of material fact with regard to reasonableness, and we remand the matter for a determination of that issue.
 {¶ 32} We add that although the court in the present case went on to note, parenthetically, that a delay of one year has been found to be unreasonable as a matter of law, the Ohio Supreme Court in Ferrando declined to establish a rule that a delay in notice of a particular length of time is unreasonable in all cases. Ferrando, at 209. However, the court did acknowledge that "[i]t is logical that the longer the delay in giving notice, the more likely that the notice was unreasonable, in that a lengthy delay is more apt to frustrate the purposes of a prompt-notice clause." Id. This incidental observation by the trial court was insufficient to constitute a determination of reasonableness.
 {¶ 33} The court in Ferrando noted that the inquiry into reasonableness in that case was complicated by the fact that the plaintiffs were unaware the policy was a source of UIM coverage because they were not specifically named as insureds. The court further explained that courts have generally held that where an additional insured's ignorance of coverage is understandable, and where notice is given promptly after the additional insured becomes aware of possible coverage, even a long period of delay is reasonable. See id. at 209, quoting Annotation, Liability Insurance: Timeliness of Notice of Accident by Additional Insured (1973), 47 A.L.R.3d 199, 202, Section 2[a]. However, the court also cautioned that ignorance of coverage is no excuse where the additional insured failed to exercise due diligence in investigating possible coverage. Id. The Ferrando court found in its particular case that although the trial court held the plaintiffs were reasonable in notifying the insurer once they discovered coverage existed, the trial court made no mention of whether the plaintiffs should have made a more diligent inquiry into the existence of UIM coverage under that policy than they did. Id. at 210. The court found such an inquiry was relevant to the issue of reasonableness. Id. It would appear that such considerations would also be relevant and applicable to a case, such as the present case, involving a Scott-Pontzer claim.
 {¶ 34} Further, in discussing the issue of prejudice in Ferrando, the court indicated that an unreasonable delay in providing notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut. Ferrando, supra. A typical consideration in determining prejudice is the ability of the insurance company to investigate the accident, including whether certain witnesses are available and, if not, whether those witnesses' testimony was relevant and essential to the claim. However, in the present case, the tortfeasor admitted liability. Thus, any investigation of this type would seem unnecessary, thereby negating any claim of prejudice with regard to this factor.
 {¶ 35} For the foregoing reasons, we hold that a genuine issue of material fact exists as to whether appellant's notice of claim to Motorists was reasonably given. If the trial court determines that his notice of claim was reasonably given, then no breach of the prompt notice policy provision occurred, and Motorists' obligation to provide coverage is not excused pursuant to that provision. However, if the trial court determines that notice was not reasonably given, then a breach of the policy did occur, and the next step is for the trial court to determine, by considering various conditions as they existed, and in accordance with Ferrando, whether Motorists was prejudiced by that breach. Pursuant to Ferrando, appellant would bear the burden of presenting evidence to rebut a presumption of prejudice. Should the trial court determine there has been no prejudice to Motorists, under the prompt notice of claim provision, the trial court must then follow the same two-step inquiry regarding subrogation-related provisions pursuant to Ferrando. We add that in proceeding to the subrogation-related provisions in the policy, the trial court should consider our decisions in Howard, Withem v. Cincinnati Ins. Co., Franklin App. No. 01AP-1286, 2002-Ohio-3067, discretionary appeal allowed, 97 Ohio St.3d 1460, and Alatsis v. Nationwide Ins. Enterprise, Franklin App. No. 01AP-1038, 2002-Ohio-2906, discretionary appeal allowed, 96 Ohio St.3d 1522, as well as the subrogation-related language in the "Transfer of Rights of Recovery Against Others To Us" provisions in the policies. Therefore, the trial court erred in granting summary judgment, and appellant's assignment of error is sustained.
 {¶ 36} As a final note, as we explained above, the trial court exclusively relied upon appellant's failure to give notice of his claim pursuant to the three policies to preclude his recovery, and it did not address any of Motorists' numerous other arguments as to why appellant is not entitled to UIM coverage under the policies. Motorists also raises these arguments in its appellate brief. However, the trial court has not yet passed on these issues. It is elementary that questions not passed upon by the lower courts will not be ruled upon by this court. Mills-Jennings, Inc. v. Dept. of Liquor Control (1982), 70 Ohio St.2d 95.
 {¶ 37} Accordingly, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
LAZARUS and BOWMAN, JJ., concur.