OPINION
{¶ 1} Plaintiff-appellant, Christopher J. Wynn, appeals from a judgment of the Court of Claims of Ohio granting summary judgment to defendant-appellee, the Ohio Department of Job and Family Services ("ODJFS"). Because there are no issues of material fact and appellee is entitled to judgment as a matter of law, we affirm that judgment.
 {¶ 2} Appellant was under court order to make child support payments of $592.73 per month and, as of November 16, 2001, was in default of his child support obligation in a total amount of $6,191.28. Appellant was notified of his default and was informed that his driver's license would be suspended if he did not make a $1,513.92 payment to reduce his deficiency. Randall Snyder, an employee of the Franklin County Child Support Enforcement Agency ("FCCSEA"), initiated proceedings pursuant to R.C. 3123.55 to suspend appellant's driver's license when appellant did not make sufficient payments toward his deficiency. In March 2002, appellant's driver's license was suspended.
 {¶ 3} On April 12, 2002, appellant filed a complaint in the Court of Claims asserting claims against FCCSEA due to its suspension of his driver's license. The trial court dismissed FCCSEA as a defendant because it was not a state agency or instrumentality. Appellant subsequently amended his complaint to replace FCCSEA with ODJFS as the defendant.
 {¶ 4} After an evidentiary hearing, the trial court determined that Snyder was not employed by the state or ODJFS and, therefore, it lacked jurisdiction over any claims asserted against him. Thereafter, ODJFS filed a motion for summary judgment arguing that because Snyder was not employed by the state or ODJFS, it could not be liable for any actions Snyder took which allegedly damaged appellant. The trial court agreed that ODJFS could not be liable to appellant for Snyder's actions and granted judgment in favor of ODJFS as a matter of law. Appellant appeals from that judgment but fails to clearly articulate any assignments of error. Nevertheless, in the interest of justice, we have reviewed the propriety of the trial court's grant of summary judgment in favor of ODJFS in this matter.
 {¶ 5} Appellate review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 6} Appellant's claims arise solely from Snyder's actions, which appellant claims were taken on behalf of ODJFS. ODJFS contends that it cannot be liable to appellant because Snyder did not work for ODJFS and did not act on its behalf when he took actions to suspend appellant's driver's license. We agree. For an employer to be liable under the doctrine of respondeat superior, an employee's tortious act must be committed within the scope of employment and, if an intentional tort, it must be calculated to facilitate or promote the employer's business or interest. See Browning v. Ohio State Hwy. Patrol, 151 Ohio App.3d 798,2003-Ohio-1108, at ¶ 60.
 {¶ 7} Snyder was not employed by the state or ODJFS when he took actions to suspend appellant's driver's license. Based upon Snyder's affidavit submitted in support of ODJFS' motion for summary judgment, all of his actions in connection with the suspension of appellant's driver's license were taken as an employee of FCCSEA. ODJFS was not involved in the suspension of appellant's driver's license. Snyder stated in his affidavit that ODJFS did not participate in appellant's driver's license suspension and that Snyder did not request approval or consent from ODJFS to suspend appellant's driver's license. Appellant did not present any competent evidence to demonstrate a genuine issue of material fact as to either of these two points. Therefore, as a matter of law, ODJFS cannot be liable to appellant under a respondeat superior theory for Snyder's actions because Snyder was not employed by the state or ODJFS and he did not act on behalf of ODJFS. Appellant does not present any other decipherable legal theories that could impose liability on ODJFS for Snyder's actions.
 {¶ 8} Because the trial court properly held that there were no material issues of fact and that ODJFS was entitled to judgment as a matter of law, we affirm the trial court's grant of summary judgment.
Judgment affirmed.
Bryant and Petree, JJ., concur.