OPINION
{¶ 1} June and Robert Bales, plaintiffs-appellants, appeal a judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment filed by Buckeye Union Insurance Company ("Buckeye"), defendant-appellee.
 {¶ 2} On June 5, 1994, appellants' son, Charles Bales, was injured and later died as a result of an automobile accident in which an oncoming vehicle being driven by Nathan Landon turned in front of Charles's motorcycle. Charles's estate reached a settlement with respect to Landon's insurer. The probate court approved the settlement, and appellants executed a release in favor of Landon.
 {¶ 3} At the time of the accident, June was employed by Harding Hospital, Inc. ("Harding"). Harding was the named insured under an insurance policy issued by Buckeye, which contained the following three coverage parts: (1) a commercial auto coverage part, which, by its terms, provided uninsured/underinsured motorist ("UM/UIM") coverage in the same amount as the commercial auto policy limits, $1,000,000; (2) a general liability coverage part, which did not offer UM/UIM coverage; and (3) a commercial catastrophe coverage part, which had attached to it a form purportedly rejecting UM/UIM coverage.
 {¶ 4} Buckeye was first informed of the June 5, 1994 accident and any claim for UM/UIM coverage on January 3, 2001, when Buckeye's insured, Harding, forwarded a letter from appellants' counsel to Buckeye. On March 22, 2001, appellants filed a declaratory judgment action seeking a declaration that they were entitled to UM/UIM coverage under the Buckeye coverage parts. Both parties filed motions for summary judgment. On April 26, 2002, the trial court granted Buckeye's motion for summary judgment with respect to the commercial auto coverage part and commercial general liability coverage part. On July 12, 2002, the trial court granted Buckeye's motion for summary judgment with respect to the commercial catastrophe liability coverage part. On July 29, 2002, the court filed a judgment with respect to the decisions granting summary judgment in favor of Buckeye. Appellants appeal the trial court's judgments, asserting the following three assignments of error:
 {¶ 5} "I. The lower court erred in its interlocutory order of April 26, 2002 in granting summary judgment for the appellee and denying appellant summary judgment on the commercial auto coverage policy and by incorporating this decision into its judgment entry of July 29, 2002.
 {¶ 6} "II. The lower court erred in its interlocutory order of April 26, 2002 in granting summary judgment for the appellee and denying appellant summary judgment on the commercial general liability policy and by incorporating this decision into its judgment entry of July 29, 2002.
 {¶ 7} "III. The lower court erred in its interlocutory order of July 12, 2002 in granting summary judgment for the appellee and denying appellant summary judgment on the commercial catastrophe liability coverage policy and by incorporating this decision into its judgment entry of July 29, 2002."
 {¶ 8} Appellants argue in their first assignment of error the trial court erred in granting summary judgment with respect to the commercial auto coverage part. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103.
 {¶ 9} The trial court found that pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, both appellants qualified as insureds under the commercial auto coverage part. The trial court then found that the notice of claim, notice of settlement, and consent to settle provisions in the UIM coverage form were ambiguous pursuant to Howard v. State Auto Mut. Ins. Co. (2000), Franklin App. No. 99AP-577, and, thus, all three provisions must be strictly construed in favor of appellants to allow coverage without prior notice to or the consent of Buckeye.
 {¶ 10} However, Howard did not address a notice of claim provision. This court in Howard only found that the consent to settle and notice of settlement provisions in the policies were ambiguous, contradictory, and confusing, and, thus, consent to settle and notice of settlement was not necessary. We did not find that notice of a claim was not necessary or that the notice of claim provision was rendered ambiguous by the ambiguity of the other two provisions. Notice of claim and notice of settlement are distinct and should not be confused. See Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 203,2002-Ohio-7217. Therefore, Howard does not apply to the notice of claim provision, and such provision was not rendered ambiguous by the contradictory language in the consent to settle and notice of settlement provisions. The trial court erred in holding so. Thus, with regard to the notice of claim provision, we must remand. Upon remand, the trial court must adhere to the Ohio Supreme Court's recent decision in Ferrando, in which the court delineated how a court must analyze a notice of claim provision in an insurance policy.
 {¶ 11} With regard to the consent to settle and notice of settlement provisions, after finding that Howard rendered those provisions inapplicable, the trial court concluded that appellants were still not entitled to coverage because they breached an additional subrogation provision in the coverage part entitled "Transfer of Rights of Recovery Against Others To Us" by releasing the tortfeasor and his insurer from liability. This ultimate conclusion by the trial court is consistent with our later decisions in Alatsis v. Nationwide Ins. Enterprise, Franklin App. No. 01AP-1038, 2002-Ohio-2906, discretionary appeal allowed, 96 Ohio St.3d 1522, and Withem v. Cincinnati Ins. Co., Franklin App. No. 01AP-1286, 2002-Ohio-3067, discretionary appeal allowed, 97 Ohio St.3d 1460, in which this court found that any potentially confusing and/or ambiguous language regarding consent to settle and notice of settlement provisions pursuant to Howard did not inure to the insured's benefit because additional language in the "Transfer of Rights of Recovery Against Others To Us" subrogation clause independently obligated the insured to do everything necessary to secure the insurer's rights, including not releasing the tortfeasor from liability. Thus, in the present case, pursuant to Alatsis and Withem, appellants were not required to comply with the consent to settle or notice of settlement provisions, but were still required to comply with the "Transfer of Rights of Recovery Against Others To Us" subrogation clause. The trial court found that appellants breached this clause by releasing the tortfeasor and his insurer. However, the trial court's analysis was deficient pursuant to the Ohio Supreme Court's recent decision in Ferrando, supra. Therefore, we must also remand this issue for findings consistent with Ferrando.
 {¶ 12} Upon remand, the trial court must follow the requirements of Ferrando with respect to both the subrogation-related provision and the notice of claim provision. Pursuant to Ferrando, a court must determine whether the "prompt" notice (notice of claim) and subrogation-related provisions in a policy were breached and, if so, the effect of the breach. In performing such evaluation as to each, a two-step inquiry must be carried out. The court in Ferrando held that the two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice "`within a reasonable time in light of all the surrounding facts and circumstances.'" Ferrando, at 208, quoting Ruby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut. Ferrando, at 208.
 {¶ 13} In cases involving an alleged breach of a subrogation-related clause, the first step under Ferrando is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided. See Ferrando, at 208, citing McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, paragraphs two and three of the syllabus, and Fulmer v. Insura Prop. Cas. Co. (2002), 94 Ohio St.3d 85, paragraph one of the syllabus. If the subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut. See Ferrando, at 208.
 {¶ 14} Applying Ferrando to the present case, with regard to the notice of claim provision, it is not clear whether such was breached, even though notice was not given immediately. The Ohio Supreme Court has held that a requirement of "prompt" notification in an insurance policy "requires notice within a reasonable time in light of all the surrounding facts and circumstances." Ruby, supra, at syllabus; see, also, Ferrando, at 202, citing Ruby. The Ohio Supreme Court in Ferrando declined to establish a rule that a delay in notice of a particular length of time is unreasonable in all cases. Ferrando, at 209.
 {¶ 15} The court in Ferrando also noted that the inquiry into reasonableness in that case was complicated by the fact that the plaintiffs were unaware the policy was a source of UIM coverage because they were not specifically named as insureds. The court further explained that courts have generally held that where an additional insured's ignorance of coverage is understandable, and where notice is given promptly after the additional insured becomes aware of possible coverage, even a long period of delay is reasonable. See id. at 209, quoting Annotation, Liability Insurance: Timeliness of Notice of Accident by Additional Insured (1973), 47 A.L.R.3d 199, 202, Section 2[a]. However, the court also cautioned that ignorance of coverage is no excuse where the additional insured failed to exercise due diligence in investigating possible coverage. Id. Therefore, we must remand this matter for the trial court to consider, pursuant to the standards outlined in Ferrando, whether the insurer received notice within a reasonable time, and, if not, whether the insurer was prejudiced by the untimely notice.
 {¶ 16} Accordingly, if upon remand, the trial court determines that notice of claim was reasonably given, then no breach of the notice of claim provision occurred, and Buckeye's obligation to provide coverage is not excused pursuant to that provision. However, if the trial court determines that notice of claim was not reasonably given, then a breach of the policy did occur, and the next step is for the trial court to determine whether the insurer was prejudiced by that breach. Ferrando, at 210-211. Should the trial court determine there was no breach of the notice of claim provision or there was no prejudice to Buckeye as the result of such a breach, the trial court must then follow the same two-step inquiry regarding the subrogation-related provision pursuant to Ferrando. Therefore, appellants' first assignment of error is sustained.
 {¶ 17} In their second assignment of error, appellants argue the lower court erred in granting summary judgment to Buckeye with regard to the commercial general liability coverage part. The commercial general liability coverage part contains no UIM endorsement, and there is no evidence that Buckeye offered UIM coverage or that Harding expressly rejected the offer. Thus, the parties do not dispute that UIM coverage arose by operation of law. See Schumacher v. Kreiner (2000),88 Ohio St.3d 358.
 {¶ 18} The commercial general liability coverage part contains a condition requiring the insured to give notice of a claim or loss to Buckeye "as soon as practicable." Further, this part contains a "Transfer of Rights of Recovery Against Others To Us" condition that prohibits the insured from doing anything to impair Buckeye's subrogation rights. The trial court found these notice and subrogation conditions are applicable to UIM coverage imposed by operation of law. This issue has recently been addressed by this court in Heiney v. The Hartford, Franklin App. No. 01AP-1100, 2002-Ohio-3718, appeal allowed, 97 Ohio St.3d 1481, in which this court found the notice and subrogation-related provisions contained in the "conditions" section of the policy applied to UIM coverage despite the fact that UIM coverage arose by operation of law. Specifically, this court determined that such notice and subrogation-related provisions created a condition precedent, with which failure to comply precluded recovery of UIM coverage. Id. at ¶ 3. See, also, Knox v. Travelers Ins. Co., Franklin App. No. 02AP-28, 2002-Ohio-6958, citing Heiney. Therefore, the trial court did not err in finding that the notice and subrogation-related provisions apply to the UIM coverage arising by operation of law.
 {¶ 19} After finding that the notice of claim and subrogation-related provisions applied to the UIM coverage under the commercial general liability coverage part, the trial court found that appellants had breached the notice and subrogation-related provisions. However, as we discussed with regard to appellants' first assignment of error, we must remand this matter pursuant to Ferrando. With regard to the notice of claim provision, although the "as soon as practicable" language is slightly different than "prompt" notice contained in the commercial auto coverage part, it means virtually the same thing. See Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (2000),88 Ohio St.3d 292, 303 (finding that language requiring notice "as soon as practicable" requires notice "within a reasonable time under the circumstances of the case"). Thus, upon remand, the trial court must consider, pursuant to the standards outlined in Ferrando, whether the insurer received notice within a reasonable time, and, if not, whether the insurer was prejudiced by the untimely notice. As explained above, the trial court need only proceed to the subrogation-related provisions if it first determines there was no breach of the notice of claim provision or there was no prejudice to Buckeye as the result of such a breach. Appellants' second assignment of error is sustained.
 {¶ 20} Appellants argue in their third assignment of error the lower court erred in granting summary judgment for Buckeye with regard to the commercial catastrophe liability coverage part. The parties do not dispute the trial court's finding that the commercial catastrophe liability coverage part includes a form purporting to reject UM/UIM coverage that does not comply with R.C. 3937.18(C). Thus, the rejection was invalid and UIM coverage arises by operation of law. Like the commercial general liability coverage part, the commercial catastrophe liability coverage part contains a condition requiring the insured to give notice of a claim or loss to Buckeye "as soon as practicable," and a "Transfer of Rights of Recovery Against Others To Us" subrogation clause. The trial court found that the notice provision and subrogation clause applied to UIM coverage imposed by operation of law. For the reasons explained above with regard to the commercial general liability coverage part, we agree with the trial court based on Heiney. However, as with the commercial general liability coverage part, we remand this matter for the trial court to apply Ferrando. Therefore, appellants' third assignment of error is sustained.
 {¶ 21} We also note the trial court exclusively relied upon appellants' breach of the notice and subrogation-related provisions to preclude appellants' recovery, and it did not address any of Buckeye's other arguments that appellants are not entitled to UIM coverage under the policies. Buckeye also raises some of these arguments in its appellate brief. However, the trial court has not yet passed on these issues. It is elementary that questions not passed upon by the lower courts will not be ruled upon by this court. Mills-Jennings, Inc. v. Dept. of Liquor Control (1982), 70 Ohio St.2d 95.
 {¶ 22} Accordingly, appellants' three assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed; case remanded.
McCORMAC, J., and PETREE, P.J., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.