OPINION
{¶ 1} Plaintiffs-appellants, Denise, Keith, Keith, Jr., and Kristen Thompson, appeal from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, The Buckeye Union Insurance Company. For the following reasons, we reverse and remand.
 {¶ 2} On June 14, 2001, appellants brought suit against appellee, alleging, in part, that Denise Thompson ("Thompson") was entitled to underinsured motorist coverage pursuant to a commercial auto policy appellee issued to Thompson's employer. In the complaint, appellants alleged that Thompson sought underinsured motorist benefits due to injuries she sustained on January 20, 1995, when a vehicle driven by an underinsured motorist negligently struck her vehicle. Appellants also alleged in their complaint that their claims against the alleged tortfeasor were settled on April 26, 1999. Appellants, however, did not inform appellee of the settlement until March 27, 2001.
 {¶ 3} On March 14, 2002, appellee filed a motion for summary judgment, arguing, in part, that Thompson was not entitled to underinsured motorist benefits because she breached provisions of the policy requiring her to promptly notify appellee of a tentative settlement with the alleged tortfeasor, and to otherwise act to preserve appellee's subrogation rights. In asserting this argument, appellee relied upon the provision in the Business Auto Coverage Form that stated:
 {¶ 4} "5. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US
 {¶ 5} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them."
 {¶ 6} Appellee also pointed to the language included in the Ohio Uninsured Motorists Coverage endorsement amending the above provision to include:
 {¶ 7} "If we make any payment and the `insured' recovers from another party, the `insured' shall hold the proceeds in trust for us and pay us back the amount we have paid.
 {¶ 8} "Our rights do not apply under this provision with respect to Uninsured Motorists Coverage if we:
 {¶ 9} "a. Have been given prompt written notice of a tentative settlement between an `insured' and the insurer of a vehicle described in paragraph F.3.b. of the definition of `uninsured motorists vehicle'; and
 {¶ 10} "b. Fail to advance payment to the `insured' in an amount equal to the tentative settlement within 30 days after receipt of notification."
 {¶ 11} On March 21, 2002, appellants also filed a motion for summary judgment, arguing that Thompson was entitled to underinsured motorist coverage under the policy. The trial court issued a decision granting appellee's summary judgment motion and denying appellants' motion for summary judgment on June 19, 2002. In its decision, the trial court relied upon the reasoning in Alatsis v. Nationwide Ins. Ent., Franklin App. No. 01AP-1038, 2002-Ohio-2906, in which this court affirmed the grant of summary judgment in favor of an insurer because the insured had breached subrogation provisions identical to those at issue here. Although appellee presented other arguments as to why Thompson was not entitled to underinsured motorist coverage, the trial court did not address those arguments in its decision. Appellants then appealed to this court from the July 2, 2002 judgment entry dismissing appellants' action.
 {¶ 12} On appeal, appellants assign the following error:
 {¶ 13} "The Franklin County Court of Common Pleas incorrectly held that uninsured/underinsured motorist (UM/UIM) coverage is precluded by the plaintiff-appellant's inability to comply with the notice and subrogation conditions of defendant-appellee's policy."
 {¶ 14} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 15} In their assignment of error, appellants argue that the trial court erred in concluding that appellants' breach of the subrogation provisions precluded underinsured motorist coverage. Appellants acknowledge that they did not notify appellee of the April 26, 1999 settlement with the alleged tortfeasor until March 27, 2001. However, appellants argue that appellee suffered no prejudice from appellants' failure to comply with the subrogation provisions. Appellants assert that, even if appellee had been notified of the settlement, appellee would not have advanced payment in order to preserve its subrogation rights because the Supreme Court had yet to decide Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, in which the court first held that employees could recover underinsured motorist benefits from their employer's insurer.
 {¶ 16} Until recently, the mere breach of subrogation provisions, such as those at issue here, negated the insurer's obligation to provide coverage. As we recognized in Alatsis, supra, if an insured compromised with the tortfeasor in such a way to destroy the insurer's subrogation right, the insurer was materially prejudiced. Id., at ¶ 18, quoting Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, 30-31. Thus, because Thompson destroyed appellee's subrogation right by settling with the tortfeasor, the trial court correctly applied Alatsis to reach the conclusion that Thompson was barred from recovering underinsured motorist coverage.
 {¶ 17} However, the reasoning in Bogan was rejected by Ferrando v. Auto-Owners Mut. Ins. Co. (2002), 98 Ohio St.3d 186, during the pendency of this appeal. In Ferrando, the Supreme Court established a two-step test for dealing with alleged breaches of subrogation clauses. Id., at ¶ 89. First, a court must determine whether the insured breached the subrogation provision. Id., at ¶ 91. If the subrogation clause was not breached, the inquiry ends and underinsured motorist coverage must be provided. Id. If, however, the subrogation clause was breached, the court must determine whether the insurer was prejudiced. Id. In determining whether the insurer is prejudiced, the court must presume that the insurer was prejudiced and place the burden of proving otherwise on the insured. Id.
 {¶ 18} Because courts did not have to consider whether the insurer suffered prejudice prior to Ferrando, the trial court did not address this consideration. Although appellants argue that appellee was not prejudiced by the destruction of its subrogation rights, we decline to address this issue because the lower court has not yet ruled upon it. Mills-Jennings, Inc. v. Dept. of Liquor Control (1982), 70 Ohio St.2d 95. Thus, we must remand this cause so that the trial court may consider whether appellee was prejudiced. See Johnson v. State Farm Mut. Auto. Ins. Co., Lucas App. No. L-02-1251, 2003-Ohio-1864, at ¶ 19 (remanding for determination of whether or not insurer prejudiced by breach of subrogation provision); Bales v. Buckeye Union Ins. Co., Franklin App. No. 02AP-870, 2003-Ohio-1523, at ¶ 11, 19 (same); Pack v. Monroe Guaranty Ins. Co., Franklin App. No. 02AP-732, 2003-Ohio-582, at ¶ 22 (same).
 {¶ 19} For the foregoing reasons, appellants' assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and LAZARUS, JJ., concur.