OPINION
{¶ 1} Plaintiff-appellant, Robert E. Frank ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Nationwide Mutual Insurance Company's ("Nationwide"), motion for summary judgment. For the reasons set forth below, the judgment is affirmed.
 {¶ 2} Appellant was most recently employed by Nationwide as an associate vice president and medical director in Nationwide's medical department. Appellant's responsibilities included working with underwriters on a day-to-day basis reviewing life and health insurance applications. The underwriters submitted cases to appellant and asked him medical questions and he would make recommendations to the underwriters about the risk appraisal process.
 {¶ 3} Appellant was eligible for participation in Nationwide's performance incentive plan program ("PIP"), a company-wide discretionary executive incentive plan. Nationwide maintains that a group of officers and directors in the human resources department use a "forced ranking" system to determine which executive employees will receive bonuses. Based on this system, each executive is evaluated and ranked from highest to lowest. The pool of assets is then distributed to those executives whose ranking warrants a bonus. In ranking the executives, the "committee" takes several factors into account including performance, evaluation results, and contribution to the company. Nationwide also maintains that in the year 2000 and thereafter, individual performance was a significant factor in determining bonuses. If an individual's performance did not warrant a bonus, no bonus payment was given.
 {¶ 4} Beginning in 1998, appellant reported to Dr. Michael Moore, vice president and chief medical director. Dr. Moore emphasized to appellant that his attendance and performance of basic officer functions were areas of concern. On or about December 9, 1998, Dr. Moore prepared an informal progress note on appellant instead of a formal evaluation since appellant had been reporting to Dr. Moore only a couple months. This reflected appellant was sufficiently performing his underwriting duties and was making an effort regarding attendance and performance of officer duties. On December 10, 1999, Dr. Moore conducted a full performance evaluation of appellant. The evaluation section titled "Corporate officer functions" shows appellant had an unacceptable number of personal calls from family members during work hours, used poor judgment as to appropriate use of expense account monies on business travel, consistently showed a lack of interest in any other aspect of the medical department, and refused to use e-mail as a corporate communication tool.
 {¶ 5} Appellant's performance problems continued to be unsatisfactory in the first quarter of 2000. As a result, Dr. Moore consulted with human resources and recommended appellant be terminated. Appellant chose to voluntarily resign and the parties signed an employment release agreement ("agreement") on May 16, 2000. Appellant was paid the remainder of his salary for 2000 and was eligible for an incentive payment from January 1, 2000 to April 30, 2000. Paragraph 6 of the agreement reads as follows:
Incentive compensation plans.
Frank will be eligible for payment under the [PIP] at target and pro-rated for the period January 1, 2000 to April 30, 2000. Payment will be made in 2001 at the time and manner as is normal and customary under the Plan, but in no event later than April 1, 2001.
 {¶ 6} On March 8, 2001, appellant was notified that he would not receive any payment under the PIP for 2000. Nationwide maintains it did not feel appellant's daily performance merited any bonus. Appellant claims he is entitled to a bonus because he received one in 1999. Appellant filed suit on September 10, 2001 alleging breach of contract and bad faith.
 {¶ 7} The trial court granted Nationwide's motion for summary judgment on both claims. The court found that Nationwide fulfilled its contractual obligations by force ranking him in accordance with its normal procedure. The court held appellant failed to demonstrate Nationwide deviated from its normal practice. Further, appellant understood the terms of the agreement and admitted he was not guaranteed a bonus payment. Based on these facts, the court held appellant failed to show a breach of contract and failed to establish damages. With respect to his bad faith claim, the trial court found appellant admitted in deposition he was not aware of the process used by Nationwide to determine bonus payments. Rather, appellant believed his supervisor Dr. Moore independently made the decision regarding bonuses. The court held "the uncontroverted evidence is that Dr. Moore did not personally make the decision to deny [appellant] a bonus" and appellant set forth no evidence of bad faith. (Trial Court Decision at 11.) Therefore, the trial court granted Nationwide's motion for summary judgment. The instant appeal followed.
 {¶ 8} On appeal, appellant asserts the following assignment of error:
The trial court misapplied the law of summary judgment in granting summary judgment to [Nationwide] as genuine issues of material fact exist in this case which are in dispute and which should have been permitted to go before a jury for determination.
 {¶ 9} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 10} Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue. Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 11} As set forth above, appellant argues Nationwide breached its contract and acted in bad faith in denying a bonus payment to him for 2000. In his brief, appellant claims Dr. Moore was the one responsible for performance evaluations and was also the one who provides input to the committee that decides bonuses. Appellant contends that Dr. Moore's input results in an economic benefit to himself, by increasing his own bonus, and therefore Dr. Moore's credibility is at issue and should be resolved by a jury.
 {¶ 12} To establish a breach of contract, appellant must show the existence and terms of a contract, his performance of the contract, Nationwide's breach of the contract, and damage or loss resulting from the breach. Kitson v. Berryman, Franklin App. No. 02AP-827, 2003-Ohio-2662. There is no doubt that a contract exists between appellant and Nationwide by virtue of the agreement. The issue is whether Nationwide breached the agreement.
 {¶ 13} Here, appellant was not aware of the forced ranking system. He thought only his supervisor Dr. Moore had any input into this determination. Since appellant's performance was low, he did not receive the bonus. Appellant simply thought that he should receive a bonus in 2000 because he received one in 1999. Significantly, appellant knew that he was not guaranteed or promised a bonus payment. Appellant admitted that he believed the PIP was "discretionary." (Deposition of Robert E. Frank at 44.) He was "never told by anybody * * * I had my own impression along with Mr. Nagy's opinion * * * that I would receive that bonus." Id. Appellant further testified that he now wishes the agreement used the word "guaranteed." Id. at 45. The fact that appellant does not agree with his evaluation is not material with regard to whether or not Nationwide breached the contract.[1]
 {¶ 14} Based on the foregoing testimony, the court finds that Nationwide did not breach the contract. Pursuant to the agreement, Nationwide was obligated to consider appellant for a bonus payment. Nationwide fulfilled this obligation when it included appellant in the pool of eligible officers and force ranked him. Appellant has come forward with no evidence to show that Nationwide did not follow its normal procedure. Similarly, appellant has come forward with no evidence to support his contention that Dr. Moore was responsible for him not receiving a bonus. To the contrary, the evidence shows the committee was responsible for determining bonuses based on several factors, including individual daily performance. Further, appellant's contention regarding Dr. Moore's credibility is not an issue at the summary judgment stage. McDermott v. Tweel, 151 Ohio App.3d 763, 770, 2003-Ohio-885. Therefore, the court finds Nationwide fulfilled its contractual obligations. Moreover, appellant cannot establish he suffered any damages since he was never guaranteed a bonus payment. Accordingly, appellant's assignment of error with respect to the breach of contract claim is overruled.
 {¶ 15} Appellant also presumably appeals the trial court's decision granting summary judgment to Nationwide on his claim of bad faith. Bad faith has been defined as the opposite of good faith, generally implying actual or constructive fraud, or a design to mislead or deceive another prompted by some interested or sinister motive. Hicks v. Leffler (1997), 119 Ohio App.3d 424, 429, quoting Black's Law Dictionary (5 Ed. 1979) 127.
 {¶ 16} Here, appellant has come forward with no evidence to demonstrate that Nationwide intentionally entered into the agreement in bad faith. There is no evidence that Dr. Moore denigrated appellant's performance in order to receive a larger bonus for himself or that Dr. Moore improperly influenced the committee. To the contrary, the evidence shows that the committee force ranked appellant along with the other eligible officers and determined that appellant was not entitled to a bonus under the PIP due to his poor daily performance. He was not entitled to or guaranteed a bonus payment. Therefore, the court finds that Nationwide did not act in bad faith. Accordingly, appellant's assignment of error with respect to this claim is overruled.
 {¶ 17} Based on the record before us, which notably did not include Dr. Moore's deposition testimony, the court concludes there is no evidence Nationwide breached the agreement at issue or acted in bad faith in determining appellant's entitlement to a bonus payment for 2000. Accordingly, summary judgment was proper. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS and SADLER, JJ., concur.
[1] For example, appellant claims that personal phone calls and attendance issues existed because his wife was going through various problems and he had to be there for her.