**McCALLISTER et al., Appellants,**

v.

**FROST et al., Appellees.**

[Cite as *McCallister v. Frost,* 166 Ohio App.3d 66, 2006-Ohio-1479.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–942.

Decided March 28, 2006.

John T. Ryerson and Bradford Woelfel, for appellants.

Porter, Wright, Morris & Arthur, L.L.P., Joseph W. Ryan Jr., Julie L. Atchison, and Tracie N. Ransom, for appellees.

---

KLATT, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Boyd and Roberta McCallister, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, American Electric Power ("AEP"). Because appellees owed no duty to appellants, we affirm that judgment.

{¶ 2} The facts in this matter are essentially undisputed. On September 25, 2000, several witnesses observed sparking from wires in the immediate vicinity of an electrical transformer mounted on a wooden telephone pole located on property owned by Richard M. Frost at 6500 Huntley Road in Columbus, Ohio.[1] Frost owned and maintained the transformer, pole, and related cross-members and supports. The transformer, pole, and related cross-members and supports were located within a fenced-in enclosure. AEP provided the electric power to Frost's property, including the electric power to the transformer. Employees of Laidlaw Transportation, an adjacent property owner, called AEP to alert it concerning the sparking wires.

---

1. Richard M. Frost is a defendant in this case, but the appellants' claims against Frost are not the subject of this appeal.

{¶3} AEP responded by sending an employee to the scene that same day. However, the employee indicated that he could not do anything because AEP did not own or maintain the electrical equipment, and the pole was on private property. After the AEP employee left the scene, the Worthington Fire Department was contacted and responded. A fire department employee prepared a fire incident report following his inspection. That report stated:

> Responded on service run to check wire arcing on pole. Call came from 6400 Huntley—Laidlaw Transportation. Upon arrival we found leaves from vines and vegitation [sic] had grown up private pole at service entrance to building at 6500. Worker at 6400 stated they called the electric company and they came out but said it was a private pole so the building owner would have to contract with someone to clean growth away from electric lines. No hazard was found at this time so we advised caller we would notify building owner of needed maintenance.

There is no evidence that AEP or the Worthington Fire Department notified Frost of the arcing wires or that Frost did any maintenance work on this electrical equipment.

{¶4} Approximately ten months later, on July 18, 2001, Boyd McCallister, an employee of Laidlaw Transportation, was walking in the parking lot adjacent to 6500 Huntley Road, having just finished his route as a bus driver. McCallister was injured when an electrical transformer located at 6500 Huntley Road exploded and knocked him to the ground.

{¶5} Appellants filed a complaint against multiple defendants, including AEP, for the injuries that McCallister suffered as a result of this incident. Appellants voluntarily dismissed that complaint without prejudice and, thereafter, refiled their complaint pursuant to the Ohio savings statute. Appellants alleged six causes of action. In counts one and two, appellants claimed that all of the defendants, including AEP, failed to timely inspect and maintain the transformer and its elements, failed to remove a dangerous or hazardous condition on the premises, and failed to warn McCallister of the hazardous condition on the premises resulting in damages to appellants. Counts three and four were directed at parties not part of this appeal. In count five, appellants alleged negligence per se against all the defendants, including AEP, for violating state and local laws and regulations in maintaining the transformer, pole, and related components. Appellants sought punitive damages in count six.

{¶6} Ultimately, AEP filed a motion for summary judgment directed at all claims against it. This motion was granted by the trial court. Appellants appeal, assigning the following error:

> The court below erred in granting Defendant American Electric Power's Motion for Summary Judgment.

{¶ 7} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 8} By their only assignment of error, appellants argue that they introduced sufficient evidence to create a question of fact regarding AEP's negligence. We disagree.

{¶ 9} To establish negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the alleged breach. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614. It is well established "that a public utility is required to exercise the highest degree of care consistent with the practical operation of its business in the construction, maintenance, and inspection of its equipment and is responsible for any conduct falling short of that standard." *Otte v. Dayton Power & Light Co.* (1988), 37 Ohio St.3d 33, 38, 523 N.E.2d 835; *Hetrick v. Marion–Reserve Power Co.* (1943), 141 Ohio St. 347, 25 O.O. 467, 48 N.E.2d 103, paragraph two of the syllabus. However, "a power company owes no duty to inspect or repair its customer's distribution system." *Otte*, 37 Ohio St.3d at 38, 523 N.E.2d 835.

{¶ 10} Here, it is undisputed that AEP did not own the transformer or any other equipment that allegedly caused McCallister's injuries. All of this equipment was "customer-owned." Therefore, AEP owed no duty to inspect or repair this equipment, and it cannot be liable in negligence for its failure to do so. Appellants have not cited any authority in conflict with this principle. None of the cases cited by appellants impose a duty on an electric utility to inspect or repair a customer's equipment. See *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.* (Aug. 4, 2000), Lake App. No. 99–L–056, 2000 WL 1114811 (recognizing a duty to exercise ordinary care only if utility company enters customer's home and performs electrical service); *Brauning v. Cincinnati Gas & Elec. Co.* (1989), 54 Ohio App.3d 38, 560 N.E.2d 811 (recognizing that utility is required to exercise the highest degree of care in the construction, maintenance, and inspection of its own equipment); and *Brady Fray, Adm. v. Toledo Edison Co.*, Lucas App. No.

L–02–1260, 2003-Ohio-3422, 2003 WL 21489416 (recognizing utility's duty to maintain its own power lines and to keep them free of potentially dangerous tree limbs). Therefore, these cases do not support appellants' negligence argument.

{¶ 11} Appellants also argue that even if AEP owed no duty to inspect or repair its customer's equipment, it had a duty to warn of a hazardous condition. We agree with appellants that there is some support in the case law for the existence of a duty to warn of a hazardous condition. See *Otte*, 37 Ohio St.3d at 38, 523 N.E.2d 835 ("The only possible tort we can posit sounds in negligence on the theory that there was a failure to warn"). Here, however, there is no evidence that AEP was aware of a hazardous condition on September 25, 2000, or on any other day prior to the date of the explosion. Indeed, the only evidence in the record of the condition of the transformer and related equipment indicates that the condition was *not* hazardous. A fire incident report prepared by a fire department employee who responded to the scene on September 25, 2000, stated that no hazard was found at that time. Appellants attempt to refute this evidence with testimony from their expert witness. Although appellants' expert opined that sparking wires were the likely cause of the transformer explosion that occurred in July 2001, he admitted that he could not dispute the Worthington Fire Department's assessment that "no hazard existed on September 25, 2000," which was the only day that an AEP representative observed the premises at 6500 Huntley Road. Without evidence of a hazardous condition on the day the AEP employee observed the transformer and related equipment, AEP has no duty to warn.

{¶ 12} Appellants also argue that AEP had a duty to de-energize Frost's property once they observed a hazardous condition. Even if we were to recognize such a duty, as indicated above, the evidence establishes that the subject equipment was not in a hazardous condition on the day the AEP employee observed it. Therefore, AEP had no duty to de-energize Frost's property.

{¶ 13} In the absence of any duty, appellee cannot be liable to appellants for negligence as a matter of law. Nor is there any evidence in the record that AEP violated any laws that could give rise to a claim for negligence per se. Therefore, we overrule appellants' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BRYANT and FRENCH, JJ., concur.