OPINION
{¶ 1} Plaintiff-appellant, James Cleary, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, George M. Wolfe. Because appellant's legal malpractice claim is barred by the applicable one-year statute of limitations, we affirm.
 {¶ 2} On or about May 12, 2005, appellant hired appellee to represent him in a personal injury action pending in the Franklin County Court of Common Pleas. Appellant hired appellee to replace appellant's former legal counsel approximately six weeks before the scheduled trial date of June 29, 2005. Appellant signed a document entitled "Authority to Represent," which indicated that appellee was retained to "explore *Page 2 
settlement, trial 6/29 if [appellant] can secure an expert opinion." Appellant paid appellee a $750 retainer plus $285 for expenses and agreed to pay appellee $100 per hour for legal services. Thereafter, the June 29, 2005 trial date was continued.
 {¶ 3} Ultimately, a new trial date for the personal injury action was scheduled for June 12, 2006. The week before trial, the Franklin County Court of Common Pleas granted the defendant's motion in limine and excluded several of appellant's witnesses, including appellant's expert witness, apparently because the witnesses were not timely disclosed.
 {¶ 4} Because it would have been difficult to present appellant's case without expert testimony linking appellant's alleged damages to the accident, appellee dismissed appellant's personal injury action without prejudice on June 8, 2006 with appellant's consent.
 {¶ 5} Appellant refiled his personal injury action in the same court on June 6, 2007. That case remains pending.
 {¶ 6} Appellant filed the case at bar against appellee on September 25, 2007 and asserted a legal malpractice claim. Appellant alleged that he paid appellee $3,000 for legal services but that appellee performed such services in a negligent fashion. Specifically, appellant alleged that appellee breached his professional duty by not discussing "evidence deadlines * * * causing [appellant] to miss crucial deadlines forcing [appellant] into accepting * * * a voluntary dismissal * * *."
 {¶ 7} Appellee filed a motion for summary judgment. In support of his motion, appellee submitted his own affidavit in which he stated that the attorney-client relationship between he and appellant ended on June 8, 2006 — the date appellee filed the notice of voluntary dismissal on appellant's behalf. Because appellant filed his *Page 3 
complaint more than a year after the attorney-client relationship ended, appellee argued that appellant's claim was barred by the one-year statute of limitations applicable to legal malpractice claims.
 {¶ 8} Although appellant filed a response to appellee's motion for summary judgment and disputed the date when the attorney-client relationship ended, appellant failed to support his response with an affidavit or any other evidence permitted under Civ. R. 56(C). On May 6, 2008, the trial court granted summary judgment in appellee's favor and appellant now appeals from that final order. On appeal, appellant assigns the following error:
 By ruling against James Cleary and granting the Defendant's Motion For Summary Judgment the Civil Court denied Mr. Cleary the chance to accurately prove his case in a court of law. George M. Wolfe was fully aware of Mr. Cleary's deteriorating physical and mental condition when he was his council [sic] and knew he could win the case by making Mr. Cleary jump through legal hoops by not providing the correct information needed in response to the Motion For Summary Judgment.
 The Judge stated in his decision that "As a general rule legal Malpractice must be proven by expert testimony." The evidence I Have is so blatant that no such expert is needed.
 The judge also decided that he did not see how the actions of George M. Wolfe did not have the plaintiff suffering any damages which is wrong.
 The attorney-client relationship did not end on June 8, 2006 as the Judge ruled as my 6/16/06 email from George M. Wolfe proves.
 {¶ 9} Although appellant does not clearly state the precise nature of the trial court's alleged errors, we interpret appellant's assignment of error as alleging that the trial court erred by granting summary judgment in favor of appellee for three reasons: (1) the trial court erred in finding that appellant needed to present expert testimony to *Page 4 
prove that appellee committed legal malpractice, (2) the trial court erred in finding that appellant suffered no damages as a result of appellee's alleged malpractice, and (3) the trial court erred in finding appellant's malpractice claim was time barred by the one-year statute of limitations.
 {¶ 10} Appellate review of summary judgment motions is de novo.Andersen v. Highland House Co., 93 Ohio St.3d 547, 548, 2001-Ohio-1607. "`When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" Abrams v. Worthington,169 Ohio App.3d 94, 2006-Ohio-5516, at ¶ 11, quoting Mergenthal v. Star Banc Corp.
(1997), 122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.Gilbert v. Summit Cty., 104 Ohio St.3d 660, 2004-Ohio-7108, at ¶ 6.
 {¶ 11} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bares the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. A moving party does not discharge this initial burden under Civ. R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ. R. 56(C) that the nonmoving party has no evidence to support its claims. *Page 5 
Id. If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id.
 {¶ 12} Because it is dispositive of this appeal, we first address the appellant's third argument for why the trial court erred. Appellant contends that the trial court erred in finding that his legal malpractice claim was barred by the one-year statute of limitations. We disagree.
 {¶ 13} A claim for legal malpractice is subject to a one-year statute of limitations. R.C. 2305.11(A). An action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.Zimmie v. Calfee, Halter and Griswold (1989), 43 Ohio St.3d 54, 58. Factors a court may consider in determining the accrual date are: (1) when the injured party became aware, or should have become aware, of the extent and seriousness of the alleged legal problem; (2) whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered; and (3) whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury. Id., at 57; Omni-Food Fashion, Inc. v. Smith (1988), 38 Ohio St.3d 385, paragraph two of the syllabus. *Page 6 
 {¶ 14} In the underlying lawsuit, appellant knew that appellee filed a notice of dismissal without prejudice on or about June 8, 2006. Appellant alleged in his complaint that he was forced to consent to the dismissal because appellee's negligence caused appellant to miss critical deadlines. Therefore, appellant was aware of the facts that formed the basis of his malpractice claim when appellee filed the notice of dismissal. Appellee's affidavit states that the attorney-client relationship with appellant ceased on June 8, 2006. Although appellant disputed this date, appellant failed to present any evidence permitted under Civ. R. 56(C) to support his allegation. Thus, the only permissible evidence before the trial court established that the statute of limitations on appellant's malpractice action began to run on June 8, 2006. Because appellant did not file his malpractice complaint until September 25, 2007, which is more than one year after his alleged cause of action accrued, his action is time barred. R.C. 2305.11(A). Therefore, the trial court did not err by granting summary judgment in favor of appellee. Because appellant's legal malpractice claim is clearly time barred, appellant's other arguments are moot.
 {¶ 15} For these reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 TYACK and T. BRYANT, JJ., concur. T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1