[Cite as *Mushi v. Dietz Property Group*, 2019-Ohio-3741.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard A. Mushi, | : | |
| Plaintiff-Appellant, | : | No. 18AP-774 |
| | | (C.P.C. No. 17CV-7452) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Dietz Property Group, | : | |
| Defendant-Appellee. | : | |

---

# D E C I S I O N

### Rendered on September 17, 2019

---

**On brief:** *Richard A. Mushi*, pro se. **Argued:** *Richard A. Mushi.*

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Richard A. Mushi, appeals from a decision and judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Dietz Property Group, on appellant's R.C. 5321.03 claim of retaliation, and on appellee's counterclaim for breach of the lease agreement. Because appellant's retaliation claim fails as a matter of law and because there are no issues of fact and appellee is entitled to judgment on its counterclaim as a matter of law, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellee owns and operates an apartment complex known as Ashbrook Run, which is located within Franklin County. In August 2015, appellant entered into a written lease with appellee to reside in Ashbrook Run at 6138 Harmon Glenn Lane, Canal Winchester, Ohio. The initial lease term was for 12 months, commencing on September 1, 2015, and ending on August 31, 2016. The lease required appellant to pay appellee the

yearly sum of $7,824 in monthly installments with an initial installment of $1,304 due and payable upon execution of the lease, and thereafter monthly rental payments in the amount of $652. Rent was due in full on the first day of each month. The lease assessed a $75 late charge to appellant in the event that appellee did not receive the required rent by the 6th day of each month.

{¶ 3}  Pursuant to section 17 of the lease, appellant would be in default if he failed to timely pay any sum due under the lease. Appellant failed to pay rent and late fees due for the months of July and August 2016. On July 13, 2016, appellee gave notice to appellant that he was delinquent in rent pursuant to R.C. 1923.04. Appellee asserted that appellant never cured his default, and remained in arrears of rental payments for July, August, and September 2016, and for damages to the premises above the normal wear and tear. Appellee alleged damages of $2,700.

{¶ 4}  Appellee served appellant with a statutory three-day notice to vacate the premises, and subsequently filed an eviction action. In the eviction action, the Franklin County Municipal Court found that appellee properly served appellant with notice to vacate the premises in compliance with R.C. 1923.04, and that appellee proved its allegations of non-payment of rent for the months of July and August 2016 by a preponderance of the evidence. The Municipal Court subsequently issued its judgment entry granting appellee restitution of the premises. Appellant vacated the premises on about September 19, 2016.

{¶ 5}  On August 21, 2017, appellant filed a complaint against appellee for "retaliatory eviction" pursuant to R.C. 5321.03. Appellant alleged that appellee offered him more time to pay the rent in exchange for renewing the lease. He asserted that the new lease appellee offered required higher rent payments and appellant refused to sign it. Appellant further contended that as a result of his refusal to sign the new lease, appellee retaliated against him by serving an eviction notice. He also claimed that appellee refused to accept his tendered rent check and blocked his online access to pay his rent online.

{¶ 6}  Appellant further alleged that appellee refused to accept a rent check and money order that he presented during the eviction proceedings, and that appellee refused to participate in a mediation that was scheduled by the Municipal Court. According to appellant, these refusals, coupled with appellant's claim that appellee refused to voluntarily

dismiss the eviction action, serve as proof that the only reason appellee filed the eviction action was to retaliate against him for not signing the new lease.

{¶ 7} Appellee filed an answer and counterclaim. In its counterclaim, appellee alleged that appellant breached the lease by failing to make rent payments in July and August 2016 and by failing to pay the associated late fees.

{¶ 8} On January 10, 2018, appellee filed a motion for summary judgment. Appellee argued it was entitled to summary judgment in its favor on appellant's retaliation claim, and on appellee's counterclaim for breach of the lease. Appellee supported its motion with (1) a copy of its lease with appellant, (2) the magistrate's decision and journal entry from the Municipal Court in the eviction action against appellant, and (3) an affidavit of appellee's regional manager for Ashbrook Run. On March 2, 2018, appellant filed an untimely response in opposition to appellee's motion for summary judgment. Because appellant's response to appellee's motion for summary judgment was due on or before January 24, 2018 under Loc.R. 21.01 of the Court of Common Pleas of Franklin County, it was filed approximately five weeks out of rule. Therefore, the trial court struck it from the record. The trial court then granted appellee's motion for summary judgment.

{¶ 9} Appellant appeals, assigning the following error:

> The Trial Court erred and abused its discretion in dismissing Appellant's claim and ruled in Appellee's favor simply by being prejudiced and biased.

## II. Legal Analysis

{¶ 10} We interpret appellant's assignment of error and argument as contending that the trial court erred when it granted summary judgment in favor of appellee. For the following reasons, we disagree.

{¶ 11} Appellate review of summary judgment motions is de novo. *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). " 'When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.' " *Abrams v. Worthington*, 169 Ohio App.3d 94, 2006-Ohio-5516, ¶ 11 (10th Dist.), quoting *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). Civ.R. 56 provides that a trial court must grant summary judgment when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and

(3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6.

{¶ 12} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

{¶ 13} Here, appellant did not timely respond to appellee's motion for summary judgment. Therefore, our de novo review is limited to the appellee's motion for summary judgment and the Civ.R. 56(C) evidence submitted with it. Appellee moved for summary judgment on both appellant's retaliation claim and on its counterclaim for breach of the lease. We first address appellant's claim that appellee retaliated against him by filing the eviction action in violation of R.C. 5321.03.

{¶ 14} In the eviction action (Franklin M.C. No. 2016-CVG-024690), the decision and judgment of the Municipal Court attached to appellee's motion for summary judgment as exhibits B and C, established that appellee was entitled to restitution of the premises and costs based upon appellant's failure to make rent payments due in July and August 2016. The filing of an eviction action for nonpayment of rent due under a lease is per se not retaliatory under Ohio law. R.C. 5321.03(A)(1). Therefore, appellant's retaliation claim fails as a matter of law. Accordingly, we agree with the trial court that appellee is entitled to summary judgment on appellant's retaliation claim.

{¶ 15} With respect to appellee's counterclaim against appellant for breach of the lease, we also agree with the trial court that appellee is entitled to summary judgment. Again, the decision and judgment in the Municipal Court case established that appellant failed to make timely rent payments due in July and August 2016. The affidavit of Jennifer Gubiotti and the lease with appellant, attached to appellee's summary judgment motion as exhibit A, also established that appellant breached the lease by failing to make timely rent payments due in July and August 2016. In addition, the Gubiotti affidavit established that appellee suffered damages of $2,700 due to appellant's breach of the lease. This amount represents unpaid rent due under the lease and damages to the premises above normal wear and tear. Appellant did not rebut this evidence or create a genuine issue of fact with any Civ.R. 56(C) evidence. Therefore, appellee is entitled to summary judgment on its counterclaim.

{¶ 16} For these reasons, we overrule appellant's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.